535 A.2d 455

James Henry WATSON

v.

STATE of Maryland.

No. 111, Sept. Term, 1986.

Court of Appeals of Maryland.

Jan. 7, 1988.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before ELDRIDGE, COLE, RODOWSKY and COUCH *, JJ., and MARVIN H. SMITH and CHARLES E. ORTH, Jr., Associate Judges of the Court of Appeals of Maryland (Retired), Specially Assigned, and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (Retired), Specially Assigned.

COLE, Judge.

We granted certiorari in this case to decide whether the trial judge erred in concluding that he had no discretion to exclude the defendant's prior attempted rape conviction when it was offered for impeachment purposes notwithstanding the fact that the judge found that the conviction's probative value was outweighed by its prejudicial effect.

The parties have agreed to the following facts. James Watson was charged in the Circuit Court for Montgomery County with rape and lesser included offenses. Prior to his jury trial, Watson asked the court to rule on whether his

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1982 Virginia attempted rape conviction and a prior theft conviction would be admissible to impeach his testimony. The trial judge ruled that both of Watson's prior convictions were admissible. He found that both convictions were for infamous crimes and, as such, were always admissible for impeachment purposes. As to the admissibility of Watson's attempted rape conviction, however, the trial judge stated emphatically that, had he been vested with the discretion to exclude it, he would have done so because he unequivocally found that its probative value was outweighed by its prejudicial effect.

At trial, Watson testified on direct examination that although he did, in fact, have intercourse with the complainant, the intercourse was consensual. At the close of Watson's direct testimony, the State informed the court that it intended to introduce Watson's prior convictions on cross-examination. The State further noted its contention that, even if the trial judge had the discretion to exclude Watson's attempted rape conviction, he should not do so because the conviction's probative value outweighed its prejudicial effect. The trial judge reiterated his pretrial conclusion that the probative value of Watson's attempted rape conviction was outweighed by its prejudicial effect. Nevertheless, the judge ruled that both of Watson's prior convictions were admissible, stating: "If I am in error on this matter, ... I state strongly, affirmatively, positively and without equivocation that [the attempted rape conviction] is prejudicial and the case should be reversed." Watson was cross-examined as to both his Virginia attempted rape conviction and his prior theft conviction without objection by defense counsel.[1]

---

1. We find that Watson preserved his objection to the court's admission of his attempted rape conviction in spite of the fact that he did not object at the precise moment the testimony was elicited. Maryland Rule 4–322(a) provides that "[a]n objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent." In *Prout v. State*, 311 Md. 348, 535 A.2d 445 (1988), we concluded that when a

The jury found Watson guilty of first degree attempted rape, and he appealed to the Court of Special Appeals. The Court of Special Appeals affirmed Watson's conviction. *Watson v. State,* 68 Md.App. 168, 510 A.2d 1094 (1986). We granted certiorari to consider the important question presented.

■ On appeal, Watson makes two basic arguments: first, he argues that attempted rape is not an infamous crime within the meaning of the Maryland Code (1974, 1984 Repl.Vol.), § 10–905 of the Courts and Judicial Proceedings Article; second, he argues that even if attempted rape is an infamous crime, the trial judge still had the discretion to exclude it under the circumstances *sub judice* because its probative value was outweighed by its prejudicial effect. The State, on the other hand, argues that attempted rape is an infamous crime and, as such, is automatically admissible for impeachment purposes. We agree with Watson that his prior attempted rape conviction is not an "infamous crime" within the meaning of § 10–905 and, thus, that the trial judge erred in not exercising his discretion to exclude this prior conviction when he found that its probative value was outweighed by its prejudicial effect. We explain.

trial judge makes a final ruling on a motion *in limine* to admit evidence, the party opposing the admission of the evidence must subsequently object at trial when the evidence is offered to preserve his objection for appeal. *Prout,* 535 A.2d at 449. In the case *sub judice,* the trial judge ruled prior to trial on the motion *in limine* to admit Watson's prior convictions. Thus, standing alone, Watson's objection to the trial court's pretrial ruling would be insufficient to preserve his objection for our review. However, the trial judge reiterated his ruling immediately prior to the State's cross-examination of Watson. It was during this cross-examination that the State elicited Watson's prior convictions. As we see it, requiring Watson to make yet another objection only a short time after the court's ruling to admit the evidence would be to exalt form over substance. We have repeatedly stated that neither this Court nor Rule 4–322(d) requires formal exceptions to the admission of evidence. *Covington v. State,* 282 Md. 540, 543, 386 A.2d 336, 337 (1978); *Elmer v. State,* 239 Md. 1, 9, 209 A.2d 776, 781 (1965); *Kennedy v. Crouch,* 191 Md. 580, 586, 62 A.2d 582 (1948); *Davis v. State,* 189 Md. 269, 273, 55 A.2d 702 (1947). Accordingly, we find the issue of the admissibility of Watson's attempted rape conviction preserved.

Section 10–905, which governs the admissibility of prior convictions for impeachment, provides that "[e]vidence is admissible to prove the ... fact of [a witness's] conviction of an infamous crime." Maryland Code (1974, 1984 Repl. Vol.), § 10–905 of the Courts and Judicial Proceedings Article. Our most recent opinion addressing the statute is *Prout v. State*, 311 Md. 348, 535 A.2d 445 (1988). In *Prout*, the defendant, on trial for assault and robbery with a deadly weapon, was not permitted to use the victim's prostitution and solicitation convictions to impeach her testimony. On appeal, the defendant argued that the trial court erred in excluding the evidence because prostitution and solicitation were crimes of moral turpitude and, as such, were always admissible for impeachment purposes under § 10–905. We disagreed. We began our analysis of the case by tracing the legislative history of § 10–905. We discovered that the statute was originally enacted to ameliorate the harsh common law rule which disqualified those individuals convicted of infamous crimes from testifying before judicial tribunals. *Prout*, 535 A.2d at 450. We further observed that, in enacting the statute, the legislature chose to make those crimes that disqualified a witness from testifying at common law available for impeachment purposes. *Id.*, 535 A.2d at 450. We thus concluded that the convictions admissible under § 10–905 are "those that were infamous, and thereby rendered a person incompetent to testify, at common law." *Id.*

Applying this rule to the case *sub judice*, we must determine whether attempted rape is a crime that was infamous, and thus, rendered an individual incompetent to testify at common law. If it was, then the trial judge was correct in concluding that he had no discretion to exclude Watson's attempted rape conviction under § 10–905. However, if attempted rape was not an infamous crime at common law, but a lesser crime, then the trial judge was incorrect and should have excluded Watson's attempted rape conviction when he found that its probative value was

outweighed by its prejudicial effect.[2]

In *Prout,* we concluded that the following classes of crimes were considered infamous at common law: "treason, felonies, and the *crimen falsi.*" *Id.,* 535 A.2d at 450–51 (citations omitted). We find that attempted rape does not fall within any of these categories. First, attempted rape is obviously not treason. Second, at common law, an attempt to commit any crime, whether a felony or a misdemeanor, was punishable as a misdemeanor, R. Perkins & R. Boyce, *Criminal Law* 611 (3d ed. 1982); W. LaFave & A. Scott, *Handbook on Criminal Law* 424–25 (1972), and, thus, attempted rape was not a felony at common law. Third, attempted rape was not a common law *crimen falsi.* As the label connotes, *crimen falsi* involve either fraud or dishonesty. The offense of attempted rape certainly does not involve either fraud or dishonesty, and thus is not a *crimen falsi.* Accordingly, attempted rape was not an infamous crime at common law. *See Dutton v. State,* 123 Md. 373, 91 A. 417 (1914), holding that assault with intent to rape is not an infamous crime.

The admissibility of non-infamous crimes for impeach- ment purposes is a matter within the sound discretion of the trial judge. *Prout,* 535 A.2d at 452; *Cousins v. State,* 230 Md. 2, 4, 185 A.2d 488, 489 (1962); *Taylor v. State,* 226 Md. 561, 174 A.2d 573 (1961); *Linkins v. State,* 202 Md. 212, 96 A.2d 246 (1953). Moreover, "[i]n deciding ... to admit a non-infamous crime for impeachment purposes, a trial judge must determine that the crime's probative value outweighs its prejudicial effect." *Prout,* 535 A.2d at 452. The trial judge in the case *sub judice* weighed the probative value of Watson's attempted rape conviction against its prejudicial effect and specifically and unequivocally conclud- ed that, because of the similarity between the offense

---

**2.** The parties neither briefed nor argued before us the question of whether a conviction for attempted rape is relevant to credibility. Thus, we do not decide that issue but assume for purposes of this opinion that it is relevant.

sought to be used for impeachment purposes and the offense with which Watson was charged, the prejudicial effect of Watson's prior attempted rape conviction outweighed any probative value that the conviction might have on the issue of Watson's credibility. Nevertheless, the trial judge admitted the prior conviction for impeachment purposes because he found that attempted rape was an infamous crime within the meaning of § 10–905. The trial judge, however, was wrong. Attempted rape is not an infamous crime within the meaning of this statute and, consequently, the trial judge erred in admitting Watson's attempted rape conviction when its probative value was outweighed by its prejudicial effect. Accordingly, we reverse the judgment and remand the case for a new trial.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND REMAND TO THAT COURT FOR A NEW TRIAL. COSTS TO BE PAID BY MONTGOMERY COUNTY.