543 A.2d 870

**Ricky HICKMAN**

v.

**STATE of Maryland.**

**No. 1544, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

July 12, 1988.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender on the brief), Baltimore, for appellant.

Patricia Storch, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Stuart O. Simms, State's Atty. for Baltimore City and Michael Flannery, Asst. State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Submitted before MOYLAN, ALPERT, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Ricky Hickman, appellant, was convicted by a jury in the Circuit Court for Baltimore City of robbery with a deadly weapon, attempted robbery with a deadly weapon, and use of a handgun in the commission of a felony. He was sentenced to a total of 25 years imprisonment. On appeal, appellant seeks reversal of his convictions on two bases:

1. The trial court erred by allowing the State to introduce, for impeachment purposes, evidence that appellant had a prior conviction for rogue and vagabond; and

2. The trial court erred in refusing to grant a mistrial.

For the purpose of resolving the issues presented on appeal, it is unnecessary that we set forth a detailed recitation of the facts. It is sufficient to note that, while walking in Baltimore City, the victims were accosted by two men armed with handguns. The two men took money, jewelry and clothing from one of the victims. After viewing separate photographic arrays, both victims chose the photograph of appellant as that of one of their assailants.

1.

At a bench conference held during the State's case to discuss questions from the jury, the trial court inquired of the State whether it had any prior criminal record with which it intended to impeach appellant should he take the witness stand. The State responded by advising the court that it intended to use two theft convictions and a rogue

and vagabond conviction. Appellant took issue with the propriety of using the rogue and vagabond conviction; nevertheless, the court ruled that it was a crime involving moral turpitude and, therefore, the State could use it. Appellant objected to that ruling. He did not renew his objection, however, when appellant, having elected to testify, was asked by the State on cross-examination about the rogue and vagabond conviction.

On appeal, appellant contends that permitting the rogue and vagabond conviction to be used for impeachment purposes was reversible error. The State responds, relying on *Prout v. State*, 311 Md. 348, 535 A.2d 445 (1988), that the issue has not been preserved for appellate review. To meet the State's non-preservation argument, appellant takes solace in *Watson v. State*, 311 Md. 370, 535 A.2d 455 (1988). We think the State gets the better of the argument.

Notwithstanding that neither party made a motion *in limine* at the on-the-record bench conference proceedings, the effect of the court's ruling as to the admissibility of evidence of appellant's rogue and vagabond conviction was the same as if either appellant or the State, in an effort to admit or exclude the evidence, had done so. Thus, our analysis will proceed as if this issue arose by way of a motion *in limine*.

The Court of Appeals, in *Prout*, explained the office of the motion *in limine* :

Typically, a motion *in limine* is a motion made before or during a jury trial outside of the hearing of the jury, the purpose of which is to prevent the jury from hearing certain questions and statements that are allegedly prejudicial to the movant. Specifically, the motion usually seeks an order restricting opposing counsel from offering questionable evidence before the judge has had an opportunity to rule on its admissibility. Evidence is most often sought to be excluded because it is incompetent, irrelevant, immaterial, privileged, or otherwise inadmissible. *See generally* McCormick on Evidence § 52, at 128 (E. Cleary, 3d ed. 1984). Thus, the real purpose of a motion

*in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably infect the fairness of the trial.

311 Md. at 356, 535 A.2d 445. In that case, the defendant moved *in limine,* after the jury had been selected but before opening statements, for permission to cross-examine a State's witness concerning, *inter alia,* convictions for solicitation of prostitution and prostitution. The trial court denied the motion and the defense did not make a proffer as to the convictions or, thereafter, mention the matter at trial. On appeal, responding to the defense argument that the trial court erred in denying the motion, the State contended that the issue had not been preserved for appellate review. The Court of Appeals disagreed.

Treating the lower court's ruling as if it were a grant of a motion to exclude—the effect of the denial of the motion was to exclude evidence of the convictions, *see* 311 Md. at 355 n. 4, 535 A.2d 445, the Court drew a distinction between the grant, and the denial, of a "traditional"[1] motion *in limine.* It explained:

If the trial judge admits the questionable evidence, the party who made the motion ordinarily must object at the time the evidence is actually offered to preserve his objection for appellate review. However, when the trial judge resolves these motions by clearly determining that the questionable evidence will *not* be admitted, and by instructing counsel not to proffer the evidence again during trial, the proponent of the evidence is left with nothing to do at trial but follow the court's instructions. Under these circumstances, the court's ruling controls the subsequent course of the trial and the proponent's objection is preserved for review without any further action on his part.

---

1. In the Court's view, "a traditional motion *in limine"* is a motion "to exclude ... proffered evidence." *Prout,* 311 Md. at 355 n. 4, 535 A.2d 445.

311 Md. at 356, 535 A.2d 445. The court found support for its position in Maryland Rule 4-322.[2] Noting that subsection (a) requires "[a]n objection to the *admission* of evidence [to] be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent," the Court held that when the court's ruling excludes evidence that subsection does not apply. (emphasis in original) 311 Md. at 356-57, 535 A.2d 445. On the other hand, it held that subsection (c), which pertains to the preservation of objections to a " 'ruling or order' *other than one admitting evidence,"* does apply. (Emphasis in original) 311 Md. at 357, 535 A.2d 445. "Thus, when a trial judge, in response to a motion *in limine,* makes a ruling to exclude evidence that is clearly intended to be the final word on the matter, and that will not be affected by the manner in which the evidence unfolds at trial, and the proponent of the

---

**2.** Maryland Rule 4-322 provides, in pertinent part:

(a) *Objections to evidence.*—An objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise, the objection is waived. The grounds for the objection need not be stated unless the court, at the request of a party or on its own initiative, so directs. The court shall rule upon the objection promptly. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court may admit the evidence subject to the introduction of additional evidence sufficient to support a finding of the fulfillment of the condition. The objection is waived unless, at some time before final argument in a jury trial or before the entry of judgment in a court trial, the objecting party moves to strike the evidence on the ground that the condition was not fulfilled.

\* \* \* \* \* \*

(c) *Objections to Other Rulings or Orders.*—For purposes of review by the trial court or on appeal of any other ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

evidence makes a contemporaneous objection, his objection ordinarily is preserved under Rule 4–322(c)." *Id.*

 We glean the following propositions from *Prout*. Whether the motion *in limine* is made before trial or during trial, a court's ruling which has the effect of admitting contested evidence does not relieve the party, as to whom the ruling is adverse, of the obligation of objecting when the evidence is actually offered. Failure to object results in the non-preservation of the issue for appellate review. On the other hand, when the effect of the ruling is to exclude the evidence, and the trial judge intends that ruling to "be the final word on the matter," a contemporaneous objection made at the time of the ruling ordinarily preserves the issue for appellate review. *See Simmons v. State*, 313 Md. 33, 37–38, 542 A.2d 1258, 1259–60 (1988).

Contrary to appellant's argument, we do not believe that *Watson* has undermined these principles in any way. In *Watson*, the accused made a pretrial motion *in limine* for a ruling prohibiting the State from using, for impeachment purposes, his prior attempted rape and theft convictions. The trial court denied the motion, ruling that evidence of each of the convictions was competent for that purpose. At trial, after the accused had testified on direct, the State informed the court that it intended to use the attempted rape conviction in its cross-examination of the accused. The trial judge reiterated his pretrial ruling. Thereafter, the accused was cross-examined, without objection, as to the attempted rape conviction. On appeal, the Court of Appeals held that the issue had been preserved for appellate review:

> We find that Watson preserved his objection to the court's admission of his attempted rape conviction in spite of the fact that he did not object at the precise moment the testimony was elicited. Maryland Rule 4–322(a) provides that "[a]n objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent." In *Prout v. State*, 311 Md. 348, 535 A.2d 445

(1988), we concluded that when a trial judge makes a final ruling on a motion *in limine* to admit evidence, the party opposing the admission of the evidence must subsequently object at trial when the evidence is offered to preserve his objection for appeal. *Prout*, 535 A.2d at 449. In the case *sub judice*, the trial judge ruled prior to trial on the motion *in limine* to admit Watson's prior convictions. Thus, standing alone, Watson's objection to the trial court's pretrial ruling would be insufficient to preserve his objection for our review. However, the trial judge reiterated his ruling immediately prior to the State's cross-examination of Watson. It was during this cross-examination that the State elicited Watson's prior convictions. As we see it, requiring Watson to make yet another objection only a short time after the court's ruling to admit the evidence would be to exalt form over substance. We have repeatedly stated that neither this Court nor Rule 4–322(d) requires formal exceptions to the admission of evidence.... Accordingly, we find the issue of admissibility of Watson's attempted rape conviction preserved. (Citations omitted).

311 Md. at 372–73, n. 1, 535 A.2d 455. It was, then, the temporal closeness between the court's reiteration of its ruling on the motion *in limine* and the State's use of the conviction, which was the subject of the motion *in limine*, during cross-examination of the accused that mandated the result in *Watson*.

In the instant case, the motion *in limine* was made during the trial, in the middle of the State's case and, hence, prior to the conclusion of appellant's testimony on direct examination. Moreover, in this case, the court did not reiterate its ruling just prior to the State's cross-examination of appellant. We hold, therefore, that the general rule explicated in *Prout* applies. Since appellant did not object when the evidence was offered, the issue is not preserved for our review. We do not read *Watson*, as appellant does, to apply to any motion *in limine* made during trial.

2.

By way of defense, appellant sought to establish that he was somewhere else when the offenses with which he was charged were committed. He testified that he checked into the New Motel located some three miles from the place where the robbery occurred on the day before the robbery and that, except for about forty minutes beginning at 8:30 p.m. on the night of April 18, 1986,[3] he remained in his hotel room until the morning of April 20, 1986. In connection with his testimony, appellant's counsel and the State entered into a stipulation that appellant had summonsed the registration records from the New Motel for the dates April 18–20, 1986; that the New Motel had been sold and, therefore, its records were unavailable; and that when they were available, defense counsel had seen the records and verified that a Ricky Hickman had been registered at the New Motel on April 19, 1986.

The stipulation having been communicated to the jury during appellant's cross-examination, the State asked appellant whether "the Court was asked for a summons for the Pilot Motel?" Appellant's objection to the question was sustained. Although the trial court instructed the jury to disregard the question, it refused appellant's request for a mistrial.

Appellant now argues that the denial of his mistrial Motion was error. He asserts that, by asking about a summons for the Pilot Motel, the State suggested to the jury that defense counsel lacked integrity—that counsel's verification that the New Motel records showed that appellant was registered at that motel during the applicable period was made suspect by the fact that she also sought to summons records from another motel. In appellant's view, this inconsistency could have been interpreted by the jury as evidence that counsel was untruthful.

---

**3.** The offense occurred at approximately 12:45 a.m. on the morning of April 19, 1986.

The decision whether to grant or deny a mistrial motion is vested in the sound discretion of the trial judge, the exercise of which will not be disturbed on appeal in the absence of clear prejudice to the defendant. *Russell v. State*, 69 Md. App. 554, 562, 518 A.2d 1081 (1987). Moreover, a mistrial should only be declared under extraordinary circumstances and where there is manifest necessity to do so. *Tibbs v. State*, 72 Md. App. 239, 253, 528 A.2d 510, *cert. denied*, 311 Md. 286, 533 A.2d 1308 (1987). Where the issue involves an improper question, we defer to the trial court's judgment, since the trial judge is in the best position to evaluate the effect of the question on the jury. *Id.*

Appellant's argument is both highly speculative and conjectural. Notwithstanding that the State's question was improper and, thus, properly disallowed, on this record we do not believe that the trial court abused its discretion in denying the motion for mistrial. We cannot say that the question caused "clear prejudice to the defendant" or constituted "manifest necessity" for a mistrial.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.