582 A.2d 582

**Renauld Alexander DYCE**

v.

**STATE of Maryland.**

**No. 265, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Dec. 3, 1990.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both of Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before MOYLAN, KARWACKI and CATHELL, JJ.

KARWACKI, Judge.

Renauld Alexander Dyce, the appellant, was convicted by a jury in the Circuit Court for Prince George's County of possession of cocaine with intent to distribute. The sole question presented on appeal is whether the court erred in refusing to exclude evidence of appellant's prior conviction for distribution of cocaine.

The evidence offered at trial was conflicting. Two members of a Prince George's County narcotics strike force testified that at 6:00 p.m., on February 16, 1989, they were participating in an undercover investigation of illegal drug sales in the 1400 block of Kanawa Street in Langley Park. They identified appellant as a person who had walked up to a white male in that neighborhood and handed him "something" in exchange for currency. One of the police officers further related that he then followed appellant and saw him deposit a $20.00 bill and three rocks of cocaine in a window of a nearby apartment building.

Appellant, who testified as the sole witness in his defense, denied any possession or sale of cocaine to anyone.

He stated that he was arrested as he was walking toward the apartment building where the $20.00 and the cocaine was seized. He claimed that he was walking through the neighborhood on his way to his mother's house which was located two blocks from where he was arrested.

After the State had presented its case at trial, the court denied appellant's motion for judgment of acquittal and inquired as to whether appellant wished to testify. Then the following occurred:

[DEFENSE COUNSEL]: He wants to testify.

[PROSECUTOR]: Before he does that I would like to state that I have a prior conviction on Mr. Dyce for distribution of cocaine in Prince George's County in 1988, and I would intend to impeach him with that, and there was not a felony at common law and it is not a prima facie crime, it is not mandatory upon the Court to allow this, but it is a felony by statute in today's times and therefore it is discretionary with the Court as to whether or not it is probative as to the truthfulness of the defendant. And I think that a felony conviction for distribution of cocaine is very probative as to whether he is a believable individual. For that reason it should be permitted in cross examination evidence, should he testify.

[DEFENSE COUNSEL]: I first have to say I don't think the probative value is very high for such a conviction, and the main thing that it is prejudicial, it far out weighs any possible probative value and should be excluded for that reason.

THE COURT: It goes just to his credibility, it doesn't really have any probative value other than how it relates to his credibility. I will allow the State to use it but I will give an instruction at the time he does.

Immediately after that colloquy, appellant testified in his own behalf. Cross-examination began as follows:

Q: Mr. Dyce, are you the same Renauld Alexander Dyce who on August 10, 1988, was convicted of distribution of cocaine?

A: Yes, sir.

THE COURT: Okay, now, ladies and gentlemen of the jury, let me give you another limiting instruction. This is what is known as the use of a prior conviction. In distribution and distribution of cocaine is a felony, a statutory felony in the State of Maryland, and the opposing side can use a prior felony, under certain circumstances, but only for a very limited purpose. It is to assess whether or not he is telling the truth. Because obviously just because he may have committed a crime back then does not mean that he committed this one. So you may not use it as evidence of guilt but you may us[e] it as evidence of whether or not he is telling the truth.

■ Preliminarily, the State argues that the issue presented by this appeal has not been preserved for our review because appellant did not object to the prosecutor's inquiry on cross-examination into his prior criminal record. We disagree.

Ordinarily, improper admission of evidence will not be preserved for appellate review unless the party asserting error objected at the time the evidence was offered or as soon thereafter as the grounds for the objection became apparent. Rule 4–323(a). *Prout v. State*, 311 Md. 348, 356–57, 535 A.2d 445 (1988). Nevertheless, the Court refused to follow that general rule in *Watson v. State*, 311 Md. 370, 372, n. 1, 535 A.2d 455 (1988). The Court there held:

We find that Watson preserved his objection to the court's admission of his attempted rape conviction in spite of the fact that he did not object at the precise moment

the testimony was elicited. Maryland Rule 4–322(a)[1] provides that "[a]n objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent." In *Prout v. State,* 311 Md. 348, 535 A.2d 445 (1988), we concluded that when a trial judge makes a final ruling on a motion *in limine* to admit evidence, the party opposing the admission of the evidence must subsequently object at trial when the evidence is offered to preserve his objection for appeal. *Prout,* 535 A.2d at 449. In the case *sub judice,* the trial court's pretrial ruling would be insufficient to preserve his objection for our review. However, the trial judge reiterated his ruling immediately prior to the State's cross-examination of Watson. It was during this cross-examination that the State elicited Watson's prior convictions. As we see it, requiring Watson to make yet another objection only a short time after the court's ruling to admit the evidence would be to exalt form over substance. We have repeatedly stated that neither this Court nor Rule 4–322(d) requires formal exceptions to the admission of evidence. *Covington v. State,* 282 Md. 540, 543, 386 A.2d 336, 337 (1978); *Elmer v. State,* 239 Md. 1, 9, 209 A.2d 776, 781 (1965); *Kennedy v. Crouch,* 191 Md. 580, 586, 62 A.2d 582 (1948); *Davis v. State,* 189 Md. 269, 273, 55 A.2d 702 (1947). Accordingly, we find the issue of the admissibility of Watson's attempted rape conviction preserved. (Footnote added.)

In *Hickman v. State,* 76 Md.App. 111, 117–18, 543 A.2d 870 (1988), we were called upon to apply *Prout* in light of *Watson.* We treated a ruling on the admissibility of a prior conviction of the accused over objection of defense counsel during a discussion at the bench conference which occurred during the presentation of the State's case as the denial of a motion *in limine.* We held that the denial of that motion

---

**1.** By order of the Court of Appeals, dated June 3, 1988, and effective July 1, 1988, then Rule 4–322 was renumbered to be present Rule 4–323.

during the State's case did not excuse the defense from objecting to questions concerning that evidence when it was posed to the accused in cross-examination.

In the instant case the unequivocal ruling on appellant's motion *in limine* and the prosecutor's inquiry as to appellant's prior criminal record, the first question posed on cross-examination, was separated only by appellant's direct examination. His testimony on direct examination was relatively brief (it is recorded on 14 pages of the trial transcript). Nothing elicited during that direct examination provided any information bearing upon the exercise of the court's discretion to admit evidence of the prior conviction. Given the temporal proximity between the ruling on the motion *in limine* and the prosecutor's initial inquiry on cross-examination we shall exercise our discretion under Md.Rule 8–131 and consider the issue, not withstanding the lack of literal compliance with Rule 4–323(a).

■ The law governing the use of a prior conviction of a witness to impeach his credibility was summarized in *Prout v. State,* 311 Md. at 363–64, 535 A.2d 445:

... [T]o be admissible for impeachment purposes a conviction must be either a felony at common law or a *crimen falsi* and thus infamous, or a lesser crime bearing upon the witness's credibility. Stated another way, crimes, other than those that are infamous, whether misdemeanors or statutory felonies, fall into the class of lesser crimes and may or may not reflect on one's tendency to be truthful. The determination of whether and, if so, when such convictions may be admitted is left to the sound discretion of the trial judge. If the crime being offered to impeach says nothing about the likelihood of the witness's propensity to be truthful under oath, it is irrelevant on that issue and should not be admitted. If the prior conviction passes this relevancy test, then the trial court must determine if its probative value outweighs its prejudicial effect. In other words, because evidence is legally admissible does not necessarily require its admission. Only if the trial judge, in the exercise of

his discretion, feels that the prior conviction rationally carries probative value on the issue of truth and veracity of the witness, should the evidence be admitted. Such exercise of discretion will be accorded every reasonable presumption of correctness and will not be upset except in a clear case of abuse.

Since distribution of cocaine is not a common law felony or a *crimen falsi* (one involving either fraud or dishonesty, *Watson v. State*, 311 Md. at 375, 535 A.2d 455) it is not an infamous crime. Assuming, without deciding, that a prior conviction for drug distribution was relevant to appellant's credibility, *Cf. Carter v. State*, 80 Md.App. 686, 693–94, 566 A.2d 131 (1989), we hold that the probative value of that evidence was clearly outweighed by its prejudicial effect in the case *sub judice* and should have been excluded.

In *Ricketts v. State*, 291 Md. 701, 703, 436 A.2d 906 (1981), the Court of Appeals observed:

The danger in admitting prior convictions as evidence to impeach the defendant stems from the risk of prejudice. The jury may improperly infer that the defendant has a history of criminal activity and therefore is not entitled to a favorable verdict. Such evidence may detract from careful attention to the facts, despite instructions from the Court, influencing the jury to conclude that if the defendant is wrongfully found guilty no real harm is done. Where the crime for which the defendant is on trial is identical or similar to the crime for which he has been previously convicted the danger is greater, as the jury may conclude that because he did it *before* he most likely has done it *again*. (Emphasis in original.)

In *Prout v. State*, 311 Md. 348, 364, 535 A.2d 445 (1988), the Court reiterated:

Another important factor to remember is that a prior conviction which is similar to the crime for which the defendant is on trial may have a tendency to suggest to the jury that if the defendant did it before he probably did it this time.

The issue in *Ricketts, supra,* was the admissibility of a prior conviction for indecent exposure to impeach the credibility of the defendant in a jury trial on charges of second degree rape, second degree sexual offense, and burglary. The Court concluded, 291 Md. at 714, 436 A.2d 906:

> Under the circumstances of the instant case, where the defendant was on trial for sex related offenses, the prejudicial effect of its admission, though impossible to gauge, could have been significant and, therefore, constitutes reversible error.

The pertinent issue in *Carter, supra,* was the admissibility of a prior conviction for illegal drug manufacturing to impeach the credibility of the defendant in a jury trial on charges of attempted second degree murder, armed robbery, battery, carrying a weapon, and theft. We concluded:

> Having determined that the crime of drug manufacturing is relevant to the issue of credibility and that the date of the conviction was sufficiently recent to have probative value, we now consider whether that probative value outweighed the prejudicial effect. The conviction for drug manufacturing is not similar to the crimes the appellant was charged with in the instant case; therefore, this evidence had no tendency to suggest to the jury that appellant was repeating a crime he had committed in the past.

80 Md.App. at 694, 566 A.2d 131.

In the case before us, the crime for which appellant was on trial is virtually identical to the crime for which he had been previously convicted. Under these circumstances, admission of the prior conviction constituted a clear abuse of discretion by the trial judge and was reversible error.

JUDGMENT REVERSED; CASE REMANDED FOR A NEW TRIAL.

COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.