584 A.2d 82

**Wayne Anthony BROOKS**

v.

**STATE of Maryland.**

**No. 214, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Jan. 16, 1991.

356

Kathleen M. Brown, Assigned Public Defender, Towson (Alan H. Murrell, Former Public Defender, on the brief), Baltimore, for appellant.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before ROSALYN B. BELL, ROBERT M. BELL and CATHELL, JJ.

ROBERT M. BELL, Judge.

Wayne Anthony Brooks, appellant, was convicted by a jury in the Circuit Court for Baltimore City of five counts of first degree murder, five counts of use of a handgun in the commission of a crime of violence, five counts of false imprisonment and two counts of robbery. Having been sentenced to a term of imprisonment in excess of five consecutive life terms, he has appealed, presenting two questions for our review:

> 1. Did the trial court err in denying Appellant's motion for mistrial based upon the admission of hearsay testimony under the co-conspirator's exception when the conspir-

acy was improperly charged and the charges were therefore dismissed?

2. Should the false imprisonment charges be dismissed because they were brought more than one year after the incident occurred?

Discerning no error, we will affirm.

1

In addition to the charges of which he was ultimately convicted, appellant was charged with five counts of conspiracy to commit murder. Toward the end of the State's case, during the cross-examination of the last State's witness, appellant realized that those conspiracy counts had been brought more than one year after the termination of the conspiracy. *See* Maryland Cts. & Jud.Proc.Code Ann. § 5-106(a).[1] He thereupon moved to dismiss those conspiracy charges, arguing that the statute of limitations had run. The court agreed and, consequently, dismissed them.

Seizing upon the dismissal and noting that co-conspirator testimony had been introduced in connection with the dismissed charges, appellant moved for mistrial. He argued that the co-conspirator testimony was inadmissible as a result of the dismissal. Again, the court agreed; it held that co-conspirator testimony admitted to prove the conspiracy charges was inadmissible, as to appellant, to prove the substantive charges. The court did not, however, grant

---

1. At the time of trial, that section provided:

 (a) *One year.*—Except as provided by this section, a prosecution for a misdemeanor not made punishable by confinement in the penitentiary by statute shall be instituted within one year after the offense was committed.

 Effective July 1, 1989, 5-106 was amended. It now provides, in pertinent part:

 (1) *Conspiracy in general.*—Except as provided in subsection (f) of this section, the statute of limitations for the prosecution of the crime of conspiracy is the statute of limitations for the prosecution of the substantive crime that is the subject of the conspiracy.

 Thus, had the conspiracy counts been charged after the effective date of that section, there would be no question as to their viability. *See also Massey v. State,* 320 Md. 605, 579 A.2d 265 (1990).

appellant's motion for mistrial. Instead, it gave the jury curative instructions concerning its use of the co-conspirator testimony during deliberations. The court informed the jury, in part:

> I am instructing you at this juncture, however, that all statements made in the nature of co-conspirators' statements that were received by you must now be disregarded by you and must be totally struck from your consideration. These were statements that were allowed in which were made by co-conspirators, namely Wesley Evans, . . . Fitzroy Aston Young, David Thompson and Temple Bravo.

The curative instructions were comprehensive; nevertheless the court gave the jury supplemental instructions which further emphasized the necessity for the jury to refrain from considering the co-conspirator testimony in reaching its decision. On that latter point, it said:

> If during the course of your deliberations it becomes necessary for you in any way to resort to the statements of the co-conspirators in order for you to be convinced beyond a reasonable doubt, then the evidence is not sufficient. You must make, your decision must be, to be convinced beyond a reasonable doubt, based on the evidence that I have ordered you to segregate from the evidence of the co-conspirators' statements. In other words, the co-conspirators' statements must not under any circumstances contribute to the verdict in the case. You must be able to arrive at your verdict without those statements. If those statements are necessary in order for you to return a verdict of guilty then a guilty verdict would not be appropriate.[2]

---

**2.** The transcript reveals that, after extensive argument, the trial court changed its mind and adopted the State's position, that the co-conspirators' testimony was admissible notwithstanding the untimely filing of the conspiracy charges—that the testimony was admissible as an evidentiary matter even though the charges were not viable as a charging matter. Nevertheless, the court, believing that the defense was receiving more than that to which it was entitled, refrained from

**360**

Appellant argues on appeal, as he did below, that the only way of curing the problem created by the admission of the co-conspirator testimony was for the court to grant a mistrial. He asserts that a curative instruction was totally inappropriate and, more to the point, ineffectual in preventing the jury from considering and, thus, using the inadmissible testimony; the curative instructions, in other words, asked too much of the jury—given the complexity of the task, to exercise judgment which it, a group of twelve lay persons, was ill-equipped to exercise. Thus, appellant maintains that the court abused its discretion when it denied appellant's motion for mistrial.

 A trial court is given broad discretion to determine whether, and, if so, when, to grant a mistrial motion. *Wilhelm v. State,* 272 Md. 404, 429, 326 A.2d 707 (1974); *Johnson v. State,* 303 Md. 487, 516, 495 A.2d 1 (1985), *cert. denied,* 474 U.S. 1093, 106 S.Ct. 868, 88 L.Ed.2d 907 (1986); *Tibbs v. State,* 72 Md.App. 239, 253, 528 A.2d 510, *cert. denied,* 311 Md. 286, 533 A.2d 1308 (1987); *Hickman v. State,* 76 Md.App. 111, 120, 543 A.2d 870 (1988); *Vandegrift v. State,* 82 Md.App. 617, 635, 573 A.2d 56 (1990). The exercise, by the trial court, of the discretion to deny a mistrial motion will not be disturbed on appeal in the absence of clear prejudice to the defendant. *Wilhelm,* 272 Md. at 429, 326 A.2d 707; *Hickman,* 76 Md.App. at 120, 543 A.2d 870; *Vandegrift,* 82 Md.App. at 635, 573 A.2d 56; *Russell v. State,* 69 Md.App. 554, 562, 518 A.2d 1081 (1987). A mistrial should be declared only under extraordinary circumstances and only when there is shown manifest necessity to do so. *Tibbs,* 72 Md.App. at 253, 528 A.2d 510. Moreover, "when curative instructions are given, it is presumed that the jury can and will follow them." *Brooks v. State,* 68 Md.App. 604, 613, 515 A.2d 225 (1986), *cert. denied,* 308 Md. 382, 519 A.2d 1283 (1987). *See also Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 1627,

---

changing its position with the jury, presumably so as to avoid confusing the jury.

20 L.Ed.2d 476 (1968); *Wilson v. State,* 261 Md. 551, 570, 276 A.2d 214 (1971).

■ Applying these precepts to the facts *sub judice,* a clear result is reached. There is no doubt but that the court fully apprised the jury of its obligation not to use the co-conspirators' testimony to support a guilty verdict. It did so on more than one occasion and, on each occasion, in a detailed fashion. There is, moreover, nothing in the verdict itself which suggests that the court's instructions were not heeded. Indeed, appellant does not point to any concrete evidence to that effect; he merely speculates, given the complexity of the task with which it was charged, that the jury could not possibly have discharged that task appropriately. That, of course, is totally insufficient. On the contrary, when one considers that the jury is presumed to be able to, and in fact will, follow curative instructions, it becomes manifest that there was no error.

## 2

Although, as we have seen, appellant raised the issue of the statute of limitations with respect to the conspiracy counts, he neglected to raise it in connection with the misdemeanor false imprisonment charges. Since each of the charges lodged against appellant were filed at the same time, if the statute had run in the case of the conspiracy counts, *i.e.* the counts were filed more than one year after the last act of conspiracy, the statute would necessarily have run in the case of the false imprisonment charges as well, more than one year after the incident out of which they arose must have elapsed. Hence, pursuant to Maryland Cts. & Jud.Proc.Code Ann. 5–106(a), those counts were also subject to dismissal on limitation grounds.

Despite his failure to raise the issue below, appellant argues, for the first time on appeal, that the false imprisonment charges should have been dismissed. Starting with the fact that he brought the limitations problem to the attention of the trial court, *albeit* in connection with the

conspiracy charges, he suggests that the court, on its own, should have *recognized* the limitation problem as to the false imprisonment charges. His contention is that the false imprisonment charging document "is so defective that it deprives the trial court of jurisdiction"; hence, this Court may review the issue. In other words, appellant believes the issue is one to which the first sentence of section (c) is applicable and, therefore, may be raised at any time. He cites *Cordovi v. State*, 63 Md.App. 455, 492 A.2d 1328 (1985) to refute the State's argument that failure to raise limitations below constitutes a waiver of that argument.

Maryland Rule 4–252 provides, in pertinent part:

(a) *Mandatory Motions.*—In the circuit court, the following matters shall be raised by motion in conformity with this Rule and if not so raised are waived unless the court, for good cause shown, orders otherwise:

(1) A defect in the institution of the prosecution;

(2) A defect in the charging document other than its failure to show jurisdiction in the court or its failure to charge an offense;

(3) An unlawful search, seizure, interception of wire or oral communication, or pretrial identification;

(4) An unlawfully obtained admission, statement, or confession;

(5) A motion for joint or separate trial of defendants or offenses.

(b) *Time for Filing Mandatory Motions.*—A motion under section (a) of this Rule shall be filed within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 4–213(c), except when discovery discloses the basis for a motion, the motion may be filed within five days after discovery is furnished.

(c) *Other Motions.*—A motion asserting failure of the charging document to show jurisdiction in the court or to charge an offense may be raised and determined at any time. Any other defense, objection, or request capable of

determination before trial without trial of the general issue, shall be raised by motion filed at any time before trial.

Rejecting appellant's argument that failure to file charges within the limitations period creates a jurisdictional defect, the State relies on Rule 4–252(a). It reasons that an untimely filed charging document creates "a defect in the institution of the prosecution", not in the charging document, and, in any event, does not fail to show jurisdiction in the court. Therefore, it says, if it is not timely challenged, the defect is waived. *See* Maryland Rule 4–252(a)(1); *see also Huffington v. State,* 304 Md. 559, 586, 500 A.2d 272 (1985), *cert. denied,* 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986).

■■ We agree with the State that appellant's failure to challenge his prosecution on the false imprisonment charges in the court below on the basis of the statute of limitations resulted in his waiver of that defect; however, we reject its concession that failure timely to file the charges constitutes a defect in the institution of the prosecution. In *Foos v. Steinberg,* 247 Md. 35, 38, 230 A.2d 79 (1967), the Court made the point that the plea of limitations "is not a plea to the merits for it does not deny the ... right of action, but only the exercise of the right"; thus, until the plea is interposed, there is no defect. Although we believe, as, presumably, does appellant, that if any section of the Rule is applicable, it is section (c), we also reject appellant's contention that failure to file charges within the limitations period is a jurisdictional defect. We believe, rather, that the running of limitations must be raised as an affirmative defense, usually before trial and, at the latest, during trial, when its availability shall have become apparent. This is consistent with the manner in which the plea of limitations is treated under Maryland law.

■ Maryland Rule 2–323, "Answer", addresses the nature of the plea of the limitations. The pertinent sections provides:

(a) *Content.*—A claim for relief is brought to issue by filing an answer. Every defense of law or fact to a claim for relief in a complaint, counterclaim, cross-claim, or third-party claim shall be asserted in an answer; except as provided by Rule 2–322. If a pleading setting forth a claim for relief does not require a responsive pleading, the adverse party may assert at the trial any defense of law or fact to that claim for relief. The answer shall be stated in short and plain terms and shall contain the following: (1) the defenses permitted by Rule 2–322(b) that have not been raised by motion, (2) answers to the averments of the claim for relief pursuant to section (c) or (d) of this Rule, and (3) the defenses enumerated in sections (f) and (g) of this Rule.

\* \* \* \* \* \*

(g) *Affirmative Defenses.*—Whether proceeding under section (c) [Specific Admissions or Denials] or section (d) [General Denials in Specified Causes] of this Rule, a party shall set forth by separate defenses: (1) accord and satisfaction, (2) merger of a claim by arbitration into an award, (3) assumption of risk, (4) discharge in bankruptcy or insolvency from the plaintiff's claim, (5) collateral estoppel as a defense to a claim, (6) contributory negligence, (7) to arrest, (8) estoppel, (9) fraud, (10) illegality, (11) laches, (12) payment, (13) release, (14) res judicata, (15) statute of frauds, *(16) statute of limitations,* (17) ultra vires, (18) usury, (19) waiver, (20) privilege, and (21) total or partial charitable immunity.

In addition, a party may include by separate defense any other matter constituting an avoidance or affirmative defense on legal or equitable grounds. When a party has mistakenly designated a defense as a counter claim or a counterclaim as a defense, the court shall treat the pleading as if there had been a proper designation, if justice so requires. (Emphasis added)

This Rule makes clear that the plea of limitations is an affirmative defense which must be pleaded specially. It, and its predecessors, *see, e.g.,* Maryland Rule 342(c)(1)(d)

and 342(c)(2)(a) and 342(d)(2), have been so interpreted. *Foos v. Steinberg,* 247 Md. at 37, 230 A.2d 79; *Foard v. Snider,* 205 Md. 435, 451, 109 A.2d 101 (1954) (dicta); *Meleski v. Pinero International Restaurant, Inc.,* 47 Md. App. 526, 542, 424 A.2d 784 (1981); *Antigua Condominium v. Melba Investors,* 65 Md.App. 726, 737, 501 A.2d 1359 (1986), *vacated and remanded,* 307 Md. 700, 517 A.2d 75 (1986).[3] Failure specially to plead limitations within the time set forth in the Rule results in a waiver of the plea. *Foos, supra.* Because the plea is waivable, it necessarily follows that it is not jurisdictional. *See Brodak v. Brodak,* 294 Md. 10, 14–17, 447 A.2d 847 (1982).

There is no provision in the criminal rules comparable to Rule 2–323(g), nor is the statute of limitations specifically mentioned. Furthermore, as we have pointed out, we do not believe that the statute of limitations must be raised in a mandatory motion pursuant to 4–252(a). If addressed in these rules at all, it is in Rule 4–252(c), and, in particular, that portion addressed to "[a]ny other defense ... capable of determination before trial without trial of the general issue...."

This issue, as far as we have been able to determine, has never been addressed by Maryland courts in a criminal context. Nevertheless, we think the nature of the plea of limitations, and its timing, as determined in the civil context, is equally applicable to criminal trials. Treating pleas of limitations the same in civil and criminal trials is consistent with the policy expressed in the 87th Report of the Standing Committee on Rules of Practice and Procedure, dated December 9, 1983: "to provide consistency between the criminal rules and counterpart civil rules where there is

---

**3.** In *Antigua Condominium,* we interpreted Rule 2–322(b), which "permits certain defenses to be made prior to answer to motion to dismiss, including the failure to state a claim upon which relief can be granted", to be sufficiently broad to encompass a motion premised on the bar of the statute of limitations. 65 Md.App. at 737, 501 A.2d 1359. *But see Foos,* 247 Md. at 38, 230 A.2d 79, citing *Waldman v. Rohrbaugh,* 241 Md. 137, 139, 215 A.2d 825 (1966).

no apparent reason for differentiation...." *See Lyles v. State*, 63 Md.App. 376, 382, 492 A.2d 959 (1985), *rev'd on other grounds*, 308 Md. 129, 517 A.2d 761 (1986).

This result is consistent with that reached by the majority of the federal courts applying Federal Rule 12(b), to which, *Carbaugh v. State*, 49 Md.App. 706, 708, 435 A.2d 116 (1981), *aff'd on other grounds*, 294 Md. 323, 449 A.2d 1153 (1982), quoting *Kohr v. State*, 40 Md.App. 92, 96–98, 388 A.2d 1242, *cert. denied*, 283 Md. 735 (1978), held, Rule 4–252 is parallel. *E.g.*, *United States v. Williams*, 684 F.2d 296, 299–300 (4th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *Vance v. Hedrick*, 659 F.2d 447, 452 (4th Cir.1981), *cert. denied*, 456 U.S. 978, 102 S.Ct. 2246, 72 L.Ed.2d 854 (1982); *United States v. Wild*, 551 F.2d 418, 421–422 (D.C.Cir.), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977); *Askins v. United States*, 251 F.2d 909–912 (D.C.Cir.1958). *See also Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917). *But see Benes v. United States*, 276 F.2d 99, 108 (6th Cir.1960); *Waters v. United States*, 328 F.2d 739, 743 (10th Cir.1964), both of which hold that the plea of limitations is jurisdictional and may be raised at any time. It is also consistent with that reached by courts in our sister states that have considered the issue. *E.g.*, *Com. v. Darush*, 459 A.2d 727, 730 n. 4 (Pa.1983); *Lowe v. State*, 783 P.2d 1313, 1314–16 (Kan.App.1989); *Christian v. United States*, 394 A.2d 1, 38 (D.C.Ct. of Apps.1978). *But see People v. Steinberg*, 672 P.2d 543, 544 (Colo.App.1983) and *People v. McGee*, 19 Cal.3d 948, 140 Cal.Rptr. 657, 667, 568 P.2d 382, 392 (1977), both of which hold that the plea of limitations is jurisdictional and may be raised at any time.

Because appellant did not timely raise limitations in the court below, the defense is waived.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.