USCA1 Opinion

 

 October 14, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 91-2309 UNITED STATES OF AMERICA, Appellee, v. DANIEL L. REED, Defendant, Appellant. ___________________ ERRATA SHEET The opinion of this Court issued on October 5, 1992, is amended as follows: On cover sheet, the judge below should be listed as "[Hon. D. Brock Hornby, U.S. District Judge]" instead of "[Hon. Gene ____________________ Carter, U.S. District Judge]". ___________________ October 5, 1992 ____________________ No. 91-2309 UNITED STATES OF AMERICA, Appellee, v. DANIEL L. REED, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Roderick B. O'Connor, by Appointment of the Court, for appellant. ____________________ Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Richard S. Cohen, United States Attorney, and Jay P. McCloskey, ________________ _________________ Assistant United States Attorney, were on brief for the United States. ____________________ ____________________ CAMPBELL, Senior Circuit Judge. Daniel L. Reed _____________________ appeals from a judgment of conviction entered in the United States District Court for the District of Maine. After a jury trial, Reed was convicted on August 21, 1991, of two counts of knowingly and intentionally distributing cocaine within 1,000 feet of a school in violation of 21 U.S.C. 841(a)(1) and 860. Reed was shown to have participated in two drug transactions at a motel in Damariscotta, Maine, in February 1991. On both occasions, Reed was invited to the motel by his acquaintance Darryl Witham to meet a potential cocaine purchaser. Unbeknownst to Reed, Mr. Witham was a government informant and the purported buyer was actually an agent of the Maine Bureau of Intergovernmental Drug Enforcement (BIDE). On both occasions Reed arrived at the motel with packages containing cocaine, transferred them to the BIDE agent, and accepted cash in return. At trial, Reed raised the defense of entrapment. He conceded to having participated in the cocaine transactions, but argued that the government, through Witham, induced him to participate and that he sold the drugs only as an agent of Witham. Appellant raises three issues on appeal. First, he argues that it was error for the district court to have allowed it to be brought out at trial that he had previously been convicted for the possession of cocaine. The substance -3- of his contention is that a prior conviction for possession is not relevant to a defendant's predisposition to distribute cocaine, and is mere character evidence barred by Fed. R. Evid. 404(b).1 We need not reach the merits of this contention, however, because appellant failed to make timely objection to the admission of this evidence. Indeed, Reed's pretrial motion in limine effectively waived objection to the fact of __ ______ his prior conviction for cocaine possession. In that motion, Reed moved "to limit any inquiry regarding his prior convictions to the fact that he was convicted of possession of cocaine in 1990 and to exclude any details beyond the mere fact of that conviction and the date of the offense charged." Defendant's Motion In Limine to Limit Evidence of Prior Convictions at 1. At the pretrial hearing, defense counsel merely argued that admitting the details surrounding that conviction would raise "the danger of litigating collateral issues;" counsel also argued that "we have to apply Rule 403 ____________________ 1. Fed. R. Evid. 404(b) provided: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. (Effective prior to Dec. 1, 1991). -4- [not 404(b)] to the evidence here and look at the probative value versus the potential prejudice here in litigating the underlying issues." Transcript of Hearing on Motions at 11- 12.2 The district court denied defendant's motion, reasoning that "where entrapment is raised as an issue, that the inquiry [into the details of a prior conviction] is no longer collateral but rather a direct matter of concern for the fact finder." Transcript of Hearing on Motions at 22. Because defendant's predisposition is at issue, the judge continued, "it really is the underlying conduct, perhaps more than the conviction itself, which becomes a material issue concerning the previous offense rather than collateral." Transcript of Hearing on Motions at 23. The police officer thereafter testified at trial, without objection, to having arrested Reed on the possession charge and to the details mentioned in note 2. Reed's girlfriend, a defense witness, testified without objection that Reed refused Witham's invitations to deal in drugs because Reed was on probation for cocaine possession. Finally, Reed himself testified on direct and cross- ____________________ 2. The government responded that it only intended to present testimony as to "the fact that he was arrested, stopped while driving a vehicle in Kittery, Maine; that he and two other people were in the vehicle; and that approximately an ounce of cocaine was found in the front seat; [that] he was the driver of the vehicle; and that he subsequently pled to a charge of possession of cocaine." At trial, the government's evidence about the conviction, elicited through the police officer's testimony, was in fact limited to these matters. -5- examination about the circumstances of his arrest, conviction and subsequent probation for possession of cocaine in 1990, contending that his being on probation for this offense made him particularly reluctant to deal in drugs in 1991, the time of the present offenses. Reed's willingness, stated in the motion in limine, __ ______ to allow evidence of the fact of his conviction in 1990 for cocaine possession is fatal to his present argument that all evidence of that conviction should have been excluded under Rule 404(b). See United States v. Vest, 842 F.2d 1319, 1325 ___ _____________ ____ (1st Cir.), cert. denied, 488 U.S. 965 (1988). Neither in ____________ the motion in limine nor later did he make any such argument __ ______ below. See Fed. R. Evid. 103(a). In the motion in limine he ___ __ ______ only requested exclusion of the details surrounding the prior _______ offense, and was silent even as to this limited objection when those details were later elicited. Indeed, not only did the motion in limine effectively waive objection to the fact __ ______ of conviction, but we doubt the motion in limine sufficed by __ ______ itself to preserve the question of the admissibility of the details for appeal. A motion in limine without subsequent, __ ______ contemporaneous objection at trial, or other factors not present here, is ordinarily insufficient to preserve an evidentiary ruling for appeal. See Fed. R. Evid. 103(a); ___ Vest, 842 F.2d at 1325; United States v. Griffin, 818 F.2d ____ _____________ _______ 97, 105 (1st Cir.), cert. denied, 484 U.S. 844 (1987) _____________ -6- (holding that "to raise and preserve for review [such a] claim . . . a party must obtain the order admitting or excluding the controversial evidence in the actual setting of the trial."); see also McEwen v. City of Norman, 926 F.2d _________ ______ _______________ 1539, 1544 (10th Cir. 1991) ("A party whose motion in limine has been overruled must nevertheless object when the error he sought to prevent by his motion occurs at trial."); Wilson v. ______ Waggener, 837 F.2d 220, 222 (5th Cir. 1988) ("A party whose ________ motion in limine is overruled must renew his objection when the evidence is about to be introduced at trial."). Even assuming we were to hold that the motion in __ limine preserved the objections stated therein, appellant ______ would fail, as the objection was presented solely on Rule 4033 grounds, i.e., prejudice, confusion and waste of time. Given that Reed effectively waived any objection to placing before the jury the actual fact of his prior cocaine conviction, the court clearly did not abuse its discretion under Rule 403 in refusing to exclude material details of the prior offense, such as the amount of cocaine. These details ____________________ 3. Fed. R. Evid. 403 provides: Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. -7- tended to clarify for the jury the extent to which the prior conviction might or might not be probative of Reed's predisposition to distribute cocaine. While Reed later made other, different objections to the testimony of the government's witnesses, none of these, any more than the motion in limine itself, served to preserve the question of __ ______ the admissibility of the evidence under Rule 404(b). See ___ Vest, 842 F.2d at 1326; United States v. Munson, 819 F.2d ____ _____________ ______ 337, 340 (1st Cir. 1987). Absent timely objection to the admission of the prior conviction evidence, our review is solely for plain error. Munson, 819 F.2d at 340. No plain error existed ______ here. As noted, Reed effectively waived objection to the fact of the 1990 conviction, apparently because he wished to use the fact that he was on probation for that offense to strengthen his argument that he was not predisposed to deal in cocaine when approached by the undercover agents in 1991. Clearly, he was entitled to make such a strategic choice without interference from the district judge. Furthermore, wholly apart from the waiver, Reed's prior cocaine possession conviction was, at very least, arguably admissible under ________ Section 404(b) to help the government meet its burden to establish that he was predisposed to sell cocaine. Even if Reed possessed the cocaine purely for personal use, this fact might lead a reasonable juror to infer that he was more -8- likely predisposed than a nonuser to sell cocaine in order to support his own habit. Moreover, the fact that Reed, the driver of the car, was in possession of an ounce of cocaine when arrested tended to suggest that quantity being arguably more than normal for personal use that he had intended to distribute it, even though charged only with possession. Thus even if the 1990 offense and details were excludable had they been properly objected to (a point we neither decide nor concede in this opinion), any error in their admission was far from being so patent as to amount to clear error. Indeed, as we already noted, the district court could reasonably have believed that part of the defense's own strategy lay in trying to establish Reed's lack of predisposition by emphasizing the unlikelihood that an individual who was on probation for a prior cocaine offense would have been predisposed to expose himself to the risk of further punishment by dealing in cocaine.4 Appellant further argues on appeal that the district court erred by denying his motion for judgment of acquittal on the basis of entrapment. In reviewing the denial of a judgment of acquittal, the standard of review is ____________________ 4. We also reject appellant's contention that the district court should have given a limiting instruction to the jury regarding the prior conviction evidence. Defense counsel never requested the court to give such an instruction. The failure of the trial court to give such an instruction sua ___ sponte is not reversible error. United States v. De La Cruz, ______ _____________ __________ 902 F.2d 121, 124 (1st Cir. 1990). -9- whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements to have been proven beyond a reasonable doubt. United States v. Almonte, 952 ______________ _______ F.2d 20, 23 (1st Cir. 1991). The affirmative defense of entrapment has two related elements: (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant. United States v. Murphy, 852 F.2d _____________ ______ 1, 5 (1st Cir. 1988), cert. denied, 489 U.S. 1022 (1989). ____________ Entrapment is a defense of fact for the jury to decide. See ___ United States v. Pratt, 913 F.2d 982, 988 (1st Cir. 1990), ______________ _____ cert. denied, 111 S. Ct. 681 (1991). Once the defendant has ____________ established that he was induced to commit the crime, see ___ Pratt, 913 F.2d at 987-88, the government must prove beyond a _____ reasonable doubt that defendant was predisposed to commit the crime. Jacobson v. United States, 112 S.Ct. 1535, 1540 ________ ______________ (1992). The jury reasonably could have found that Reed was not induced by the government to sell cocaine. He readily agreed to come to the motel to meet a purported cocaine buyer and he made the transfer of cocaine and accepted the cash without hesitation. There is no evidence that the government prodded him to make the second sale. There also was ample evidence to support a jury finding, beyond a reasonable doubt, that Reed was predisposed to distribute cocaine. -10- Among other things, the record shows that Reed displayed knowledge about the quality and price of cocaine sold in the local area. Reed told the BIDE agent that Reed's other customers were satisfied with his cocaine. We conclude that the evidence was more than sufficient for the jury to find that Reed was not entrapped. Finally, appellant argues that the district court erred in not incorporating his proposed jury instruction on entrapment into the instructions delivered by the court. "The trial court's refusal to give a particular instruction constitutes reversible error only if the requested instruction was (1) correct as a matter of substantive law, (2) not substantially incorporated into the charge as rendered, and (3) integral to an important point in the case." United States v. McGill, 953 F.2d 10, 13 (1st Cir. ______________ ______ 1992). In this case, Reed's request was substantially incorporated into the charge given and we can see no error. Affirmed. ________ - -11-