Michael CARTER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A04–9306–CR–234.

Court of Appeals of Indiana,
Fourth District.

May 31, 1994.

---

3. Repealed by P.L. 2–1993, § 209. Subject matter is now covered at I.C. 27–12–2–1 *et seq.*

4. Now covered at I.C. 27–12–7–1.

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

RILEY, Judge.

## STATEMENT OF THE CASE

Defendant–Appellant Michael Carter appeals from his conviction for two counts of criminal recklessness. We affirm.

## ISSUES

Carter raises three issues for our review which we restate as follows:

1. Whether the trial court erred in admitting evidence of Carter's prior uncharged criminal activity.

2. Whether the trial court erred in admitting statements Carter made to police during custodial interrogation.

3. Whether the evidence is sufficient to support Carter's conviction.

## FACTS AND PROCEDURAL HISTORY

The record reveals that on the night of August 22, 1992, the victims, Bennie Bailey and his mother Alice Brown, were at their home in Gary, Indiana. The sound of breaking glass caused Bailey to look outside to further investigate. He observed a group of youths who frequently gathered on the corner near his house. The group had placed a glass storm door in the street and it had been run over by a car. Bailey then overheard a discussion among the youths about getting some garbage cans to block the street. Concerned that the group was going to steal their garbage can, Bailey and Brown went to the backdoor of their house. They observed Carter in their backyard picking up one of the garbage cans. Bailey and Brown yelled at Carter to stop, and Carter fired a shot toward them. Bailey then grabbed his rifle and fired back at Carter. Several shots were fired with Carter firing three to five times at Bailey.

Carter was taken into custody and charged by information with two counts of attempted murder, a class A felony.[1] Carter was found guilty by a jury of two counts of criminal

recklessness, a class D felony. He was sentenced to three years on each count to be served concurrently. The trial court judge suspended one year, thus Carter received an aggregate sentence of two years.

## DISCUSSION AND DECISION

### I. Prior Uncharged Criminal Activity

Carter contends that the trial court erred when it admitted over defense's continuing objection evidence of his prior uncharged misconduct. Specifically, Carter takes issue with the trial court's admission of the victims' testimony that Carter was a part of a group of youths that frequently gathered on the street corner near the victims' home and that the victims had called the police concerning this group of youths on numerous occasions in the past. Additionally, Officer Terry Lee of the Gary Police Department testified that Carter had been arrested on other charges. The jury was admonished regarding this information and informed that Carter had been picked up on a misdemeanor traffic violation. Appellant's Brief at 9–12.

The State argues that Carter failed to preserve this error for appeal. Carter, by counsel, filed a pretrial motion *in limine* to exclude this anticipated testimony of prior bad acts. After lengthy argument, the trial court denied the motion *in limine* and Carter's counsel requested that a continuing objection be noted for the record.

The purpose of a motion *in limine* is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. *Boyd v. State* (1991), Ind., 564 N.E.2d 519, 524. As such, a motion *in limine* is not a final ruling on the admissibility of evidence and a ruling on a motion *in limine* does not preserve error for appeal. *Id.* Thus, appellate review in this case would have to be based on the trial court's final evidentiary rulings at trial. Review of the record, however, reveals that Carter's counsel failed to object at trial. The testimony that was the subject of Carter's motion in limine was admitted without any objection by Carter's

1. IND.CODE 35–42–1–1 (1992 Supp.); I.C. 35– 41–5–1 (1988).

counsel. It is incumbent upon a defendant to object to the introduction of the challenged evidence at trial and specify the grounds upon which the objection is premised. *Abner v. State* (1985), Ind., 479 N.E.2d 1254, 1259. It is well-settled that "when a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule on it at the appropriate time, he is deemed to· have waived that possible error." *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 829.

■ The question becomes whether counsel's continuing objection noted on the record preserves error for appeal. While we approve of the use of continuing objections, they are insufficient to preserve error for appeal. *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 744. Carter should have renewed his objection at trial when the testimony was offered. Having failed to timely renew his objection, he waived this allegation of error.

■ Notwithstanding waiver, Carter's contention lacks merit. Ind. Evidence Rule 404(b) provides in pertinent part as follows:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Evid.R. 404(b).[2] However, even otherwise admissible evidence is inadmissible if the danger of unfair prejudice to the defendant substantially outweighs the probative value of the evidence. *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 128. We do not find that the prior uncharged misconduct was admitted to show action in conformity with a particular character trait. The trial court properly admitted the evidence to prove something other than Carter's bad character or his propensity to commit the charged crime. The record clearly indicates that the trial judge relied on the motive, state of mind

and identity exceptions to the general prohibition of prior uncharged misconduct. We also do not find that the admission of the evidence unfairly affected the outcome of the trial. Because the evidence of Carter's uncharged prior misconduct was admitted for purposes permitted under Rule 404(b) and because we do not find the evidence to be unduly prejudicial, we conclude that the trial court did not err in admitting it.

## II. Admissibility of Carter's Statements

■ Carter next contends that the trial court erred by admitting over defense's objection statements made by Carter while in police custody. Appellant's Brief at 13–14. Detective Lee testified at trial that on August 30, 1992, he advised Carter of his *Miranda* warnings and attempted to elicit a statement from him about the shooting. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Carter told Officer Lee that he knew nothing about a shooting.

The next day Officer Lee transported Carter from Gary to the Lake County Jail. While en route to the jail, Carter made an unsolicited statement to Lee that he "didn't shoot five times at nobody." (R. 121). Lee testified that the statement was voluntary and was not in response to any question or comment made by him. After Carter made the statement, Lee asked him who had told him he had shot at somebody five times and Carter responded that Lee had told him the night before. Lee told Carter that he never said that, but Carter insisted that he had.

Carter's counsel objected arguing that the statement was given in violation of *Miranda,* and the trial court admitted the testimony over objection. *Id.* The trial court ruled that neither the initial volunteered statement by Carter nor the subsequent interrogation was in violation of *Miranda. Id.* We agree.

■ Carter concedes that his volunteered statement was not made in response to police interrogation and therefore does not challenge the admissibility of that volunteered statement. We note for clarity that volun-

---

**2.** Indiana adopted Federal Rule of Evidence 404(b) as the rule governing the admissibility of

uncharged misconduct in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334.

teered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by *Miranda. Id.* at 478, 86 S.Ct. at 1629. Thus, since Carter initiated the conversation, nothing in the Fifth or Fourteenth Amendments would prohibit Officer Lee from merely listening to his volunteered statement and using it against him at trial.

■ Carter challenges the admissibility of the responses Carter made to the subsequent custodial police interrogation. The *Miranda* warnings were designed to secure the criminal defendant's constitutional right against compulsory self-incrimination. *Id.* When an accused is subjected to custodial interrogation, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the [defendant's Fifth and Fourteenth Amendment] privilege against self-incrimination." *Id.* at 444, 86 S.Ct. at 1612. The safeguards of the *Miranda* warnings are an absolute prerequisite in overcoming the inherently coercive and police dominated atmosphere of custodial interrogation. *Id.* In the present case, it is undisputed that Carter had been advised of the *Miranda* warnings on the previous evening. It is further undisputed that Carter was "in custody" within the meaning of *Miranda* while being transported to the Lake County Jail.

■ The question therefore becomes whether Officer Lee subjected Carter to "interrogation" within the meaning of *Miranda.* Interrogation is not limited to express questioning, but rather includes any practice that the police should know is reasonably likely to elicit an incriminating response from a suspect. *Rhode Island v. Innis* (1980), 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297. This definition of interrogation focuses on the perceptions of the suspect, rather than the intent of the police. *Id.* The record reveals that there was no express questioning of Carter and no conduct intended to bring forth a self-incriminating response by Carter regarding the events surrounding the shooting. Thus, we conclude that Carter was not interrogated within the meaning of *Miranda.*

■ After the requisite advisements are given, if an accused indicates that he wishes to remain silent, all interrogation must cease. If an accused requests an attorney, all interrogation must cease until an attorney is present. *Miranda*, 384 U.S. at 474, 86 S.Ct. at 1627. But this is not what the facts of this case show. The record reveals that when Officer Lee spoke with Carter at the jail, after being advised of his rights Carter said that he was in custody on a traffic charge and knew nothing about a shooting. Thus, since Carter never invoked his right to silence or counsel, and since he initiated the conversation during transit after being advised of his *Miranda* warnings the previous day, we find no constitutional error.

### III. Sufficiency

Finally, Carter contends that the evidence was insufficient to support his conviction of criminal recklessness. Appellant's Brief at 15–17. Our standard of review for sufficiency of the evidence is well-settled. We neither reweigh the evidence nor determine the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. If there exists substantive evidence of probative value to establish every material element of an offense beyond a reasonable doubt, we will not disturb the conviction. *Geans v. State* (1993), Ind.App., 623 N.E.2d 435, 437.

■ A person commits the crime of criminal recklessness when "recklessly, knowingly, or intentionally perform[ing] an act that creates a substantial risk of bodily injury to another person...." I.C. 35–42–2–2(b)(1). Commission of this act while armed with a deadly weapon enhances the offense to a class D felony. I.C. 35–42–2–2(b)(2). The State presented the testimony of two eyewitnesses that Carter shot several times at the victims. Further, Carter made incriminating statements about the shooting. We find that the evidence produced at trial was sufficient to establish every material element of criminal recklessness beyond a reasonable doubt,

and therefore we decline to disturb Carter's conviction.

Carter challenges the credibility of the Bailey's testimony in his brief. Carter asks us to reweigh the evidence and judge the credibility of the witnesses; this we will not do. *Geans,* 623 N.E.2d at 437. We conclude that there was sufficient evidence to support Carter's conviction of two counts of criminal recklessness.

## CONCLUSION

Based on the foregoing, the trial court is affirmed in all respects.

Judgment affirmed.

MILLER, J., concurs in result.

FRIEDLANDER, J., concurs.