728 A.2d 195

Xavier Lewis **REED**

v.

**STATE of Maryland.**

**No. 97, Sept. Term, 1998.**

Court of Appeals of Maryland.

April 21, 1999.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

CATHELL, Judge.

Petitioner Xavier Lewis Reed was convicted in the Circuit Court for Montgomery County of possession with intent to distribute cocaine and possession of cocaine. He received concurrent sentences totaling three years; however, all but nine months were suspended with three years of probation to be served thereafter. The judgment was affirmed by the Court of Special Appeals. We granted petitioner's Petition for Writ of Certiorari to address the question: "Did the Court of Special Appeals err in holding that Petitioner's objection to the admission of other crimes evidence was not preserved by his motion *in limine?*" We hold that the Court of Special Appeals did not err. We shall affirm.

Encompassed within the question presented is petitioner's attack on the continued viability of the "contemporaneous objection rule." That rule, with respect to criminal actions, is set forth in Maryland Rule 4–323(a) and provides in pertinent part:

(a) *Objections to evidence.* An objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise, the objection is waived.

Petitioner's primary request is that this Court change its long-standing position that when trial courts *deny* motions *in limine* to exclude evidence, thereby permitting the admission of evidence, the issue of admissibility ordinarily is not preserved for appellate review unless contemporaneous objections are made at the time the evidence is later introduced at trial. By his request, petitioner asks us to revisit *Prout v. State*, 311 Md. 348, 535 A.2d 445 (1988), where we held, in the circumstances of that case, that a trial court's order pursuant to a motion *in limine* that resulted in the exclusion of evidence sufficed to preserve the evidentiary issue for appeal. Petition-

er urges us to extend the holding in *Prout* to motions *in limine* rulings that permit the admission of evidence.

## I. Facts

We restate the facts as summarized in petitioner's brief:

The State's case consisted of the testimony of three police officers involved in a narcotics surveillance on January 17, 1997 in the Aspen Hill area of Montgomery County. The subject of that surveillance was an individual described as a black male with hair in corn rows wearing a black leather jacket who was reportedly in possession of a quantity of CDS. One of the officers conducting the surveillance, Detective Mark Yamada, testified that he eventually spotted this individual, whom he identified as the Petitioner, in an apartment complex at the intersection of Bel Pre Road and Georgia Avenue. Yamada saw the Petitioner get into a Chrysler New Yorker with two other black males and followed them to the Leisure World Shopping Center, where he saw the Petitioner and a second male make calls at a pay phone. The men then left that shopping center and drove to the Aspen Manor Shopping Center. Yamada continued his surveillance until a time later on when the three men were arrested by other officers in the surveillance team. Pursuant to that arrest, suspected cocaine was seized.... According to Yamada's testimony, the substance recovered, which was later verified to be cocaine, was an "eight-ball" which could be broken down into smaller units. He stated that its wholesale value would be anywhere from $120 to $160.

Other officers offered testimony at trial supporting these facts. The defense produced somewhat contradictory evidence as to the occurrences at the Aspen Manor Shopping Center.

One of the detectives in the case took a statement from petitioner after he had been arrested, advised of his rights, and petitioner had waived those rights. Prior to trial, petitioner filed a motion *in limine* to exclude portions of that statement, which initially was granted. The motion later was

reconsidered by another judge, who ultimately denied the motion to exclude.

The detective who took petitioner's statement testified at trial. In his testimony, the detective testified as to the questions and answers comprising petitioner's statement:

Okay. The first question I asked him, do you use or sell drugs? [Petitioner] responded a little of both. I smoke willies. It is a street term for marijuana laced with crack. I score for myself to smoke willies.

What is the most you have ever sold, I asked. $100. I go buy it and pinch off some for myself when I sell it.

Where did you get the crack you had tonight? He said I got it from DC. Were you going to sell it? I was going to smoke it, was his answer.

Were you going to sell it to the girl? And I put in parentheses Brigdon. No, she didn't know anything about it. I have seen her around, but I didn't really know her.

At that point, I put a line across the end of the conversation we had and both [petitioner] and I signed it.

This testimony was given without objection. It was only later when the State offered the written statement in its entirety that the defense counsel, in response to a query by the court as to whether he had any objections to the admissibility of the document itself, responded: "Your Honor, the objection has been litigated. We would ask to preserve that."

Holding that the issue had not been properly preserved, the Court of Special Appeals, in an unreported opinion, held:

The Court of Appeals has stated that it will not find reversible error on appeal when objectionable testimony is admitted if the essential contents of that objectionable testimony have already been established and presented to the jury without objection through the prior testimony of other witnesses. *Grandison v. State*, 341 Md. 175, 218–19, 670 A.2d 398 (1995), *cert. denied*, 519 U.S. 1027, 117 S.Ct. 581, 136 L.Ed.2d 512 (1996). In the present case, [petitioner] objected to the admission of the written evidence. However, he did not object to Detective D'Ovidio's testimony

describing [petitioner's] statement. Although [petitioner] had made a pretrial motion *in limine,* an objection was necessary at the time the evidence was introduced in order to preserve his objection to the admission of that evidence. *Prout v. State,* 311 Md. 348, 356, 535 A.2d 445 (1988); MD. RULE 4–323(a). The evidence, of which [petitioner] now complains, was presented to the jury without objection. Therefore, the trial court's error was harmless.

Petitioner's sole argument before this Court is that the Court of Special Appeals erred because "the judge's denial of his motion *in limine* was alone sufficient to preserve his objection to the detectives's recitation of the entire statement." As is evident, petitioner focuses on the verbal recitation of the statement by the detective, to which petitioner did not object at trial.

## II. *Prout v. State*

*Prout,* 311 Md. at 351–53, 535 A.2d at 446–47, involved a motion *in limine* by the defendant to obtain permission to cross-examine a State's witness about whether she had certain previous criminal convictions in order to impeach that witness' testimony. The State argued in response that the defense should not be permitted to inquire about the witness' convictions. The trial court in *Prout,* in essence, ruled that certain evidence was to be excluded, even though the issue originally was presented as a motion *in limine* to admit the evidence. Accordingly, the issue in *Prout* was the exclusion, not the admission of evidence, which is the converse of the issue here: the denial of a motion to exclude evidence that resulted in the evidence's admission.[1]

---

1. The defense counsel in *Prout* made an oral motion *in limine* prior to opening statements to "advise the court" of his intention to cross-examine the State's only witness about several prior convictions. The State objected, and the trial court ultimately permitted defense counsel to inquire only as to two of that witness' convictions. The defense counsel did not object to the court's order at the time the defense counsel would have cross-examined the witness about her other convictions. The defendant was found guilty.

In *Prout*, we first summarized the arguments advanced by the parties:

> On appeal, the State argues that Prout failed to preserve his objection to the trial court's ruling on his motion *in limine*, which excluded the witness's prostitution and solicitation convictions.  The State contends that Maryland Rule 4–322(a),[2] which requires a party to object to the admission of evidence at the time it is offered, applies to the facts *sub judice* and, thus, that Prout needed to make a subsequent proffer of the convictions at the point at which he would have offered them at trial.  Prout, on the other hand, argues that the trial court's ruling on his motion *in limine* was alone sufficient to preserve the issue of the admissibility of the complainant's convictions for appeal.  Prout contends that subsection (c) of Maryland Rule 4–322, rather than subsection (a), is the applicable rule for determining when an objection to a trial court's ruling *excluding* evidence has been preserved for appeal.  Prout further contends that he has satisfied the provisions of subsection (c).

*Prout*, 311 Md. at 353–54, 535 A.2d at 447–48 (footnotes omitted).  We went on to explain motions *in limine:*

> Whether a trial judge's ruling granting a motion *in limine* may be reviewed on appeal when there is no subsequent proffer of the evidence at trial presents a question of first impression in this Court.  Typically, a motion *in limine*

---

On appeal, the State contended that the defense failed to preserve its objection to the judge's ruling on the motion *in limine*, which excluded the evidence the defense sought to introduce.  We explained in footnote four of *Prout* the effect of the denial of the defense's motion *in limine* to admit certain evidence:

> Prout's motion *in limine* differed from the ordinary motion *in limine* because the motion asked the court to admit, rather than exclude evidence.  Thus, the court's *denial* of Prout's motion *in limine* had the same effect as the *grant* of a traditional motion *in limine*, i.e., to exclude the proffered evidence.  Accordingly, we will treat the trial judge's ruling on Prout's motion *in limine* as if it were a grant of a motion to exclude.

*Prout*, 311 Md. at 355 n. 4, 535 A.2d at 448 n. 4.

**2.**  Former Rule 4–322 was renumbered as present Rule 4–323 on June 3, 1988.

is a motion made before or during a jury trial outside of the hearing of the jury, the purpose of which is to prevent the jury from hearing certain questions and statements that are allegedly prejudicial to the movant. Specifically, the motion usually seeks an order restricting opposing counsel from offering questionable evidence before the judge has had an opportunity to rule on its admissibility. Evidence is most often sought to be excluded because it is incompetent, irrelevant, immaterial, privileged, or otherwise inadmissible. *See generally McCormick on Evidence* § 52, at 128 (E. Cleary 3d ed.1984). Thus, the real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably infect the fairness of the trial.

Obviously, the trial judge may either grant or deny the motion. If the trial judge admits the questionable evidence, the party who made the motion ordinarily must object at the time the evidence is actually offered to preserve his objection for appellate review. However, when the trial judge resolves these motions by clearly determining that the questionable evidence will *not* be admitted, and by instructing counsel not to proffer the evidence again during trial, the proponent of the evidence is left with nothing to do at trial but follow the court's instructions. Under these circumstances, the court's ruling controls the subsequent course of the trial and the proponent's objection is preserved for review without any further action on his part.

*Id.* at 355–56, 535 A.2d at 448–49 (footnote omitted). We first responded to the State's argument and then went on to reach our holding:

The State, however, insists that Maryland Rule 4–322(a) requires that a party make a subsequent proffer or objection when his evidence is excluded. Rule 4–322(a) provides that "[a]n objection to the *admission* of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise the objection is waived." As we see it, Rule 4–322(a) is

inapplicable when a trial judge rules to exclude evidence. Moreover, subsection (c) of Rule 4–322 states that to preserve an objection to a "ruling or order" *other than one admitting evidence,* "it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court." Thus, when a trial judge, in response to a motion *in limine,* makes a ruling to exclude evidence that is clearly intended to be the final word on the matter, and that will not be affected by the manner in which the evidence unfolds at trial, and the proponent of the evidence makes a contemporaneous objection [*i.e.,* at the time of the action by the trial court on the motion *in limine* ], his objection ordinarily is preserved under Rule 4–322(c).

*Id.* at 356–57, 535 A.2d at 449 (footnote omitted).[3]

On the same day we decided *Prout,* we explained this concept further in *Watson v. State,* 311 Md. 370, 535 A.2d 455 (1988). We stated, *id.* at 372–73 n. 1, 535 A.2d at 457 n. 1:

We find that Watson preserved his objection to the court's admission of his attempted rape conviction in spite of the fact that he did not object at the precise moment the testimony was elicited. Maryland Rule 4–322(a) provides that "[a]n objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent." In *Prout v. State,* 311 Md. 348, 535 A.2d 445 (1988), we concluded that when a trial judge makes a final ruling on a motion *in limine* to admit evidence, the party opposing the admission of the evidence must subsequently object at trial when the evidence is offered to preserve his objection for appeal. *Prout,* 535 A.2d at 449. In the case *sub judice,* the trial judge ruled prior to trial on the motion *in limine* to admit Watson's prior convictions. *Thus, standing alone,*

---

**3.** The use of the words "contemporaneous objection" at this point in *Prout* refers to an opposition to the exclusionary action of the trial court at the time of the hearing or decision on the motion *in limine.*

*Watson's objection to the trial court's pretrial ruling would be insufficient to preserve his objection for our review.* However, the trial judge reiterated his ruling immediately prior to the State's cross-examination of Watson. It was during this cross-examination that the State elicited Watson's prior convictions. As we see it, requiring Watson to make yet another objection only a short time after the court's ruling to admit the evidence would be to exalt form over substance. We have repeatedly stated that neither this Court nor Rule 4–322(d) requires formal exceptions to the admission of evidence. *Covington v. State,* 282 Md. 540, 543, 386 A.2d 336, 337 (1978); *Elmer v. State,* 239 Md. 1, 9, 209 A.2d 776, 781 (1965); *Kennedy v. Crouch,* 191 Md. 580, 586, 62 A.2d 582 (1948); *Davis v. State,* 189 Md. 269, 273, 55 A.2d 702 (1947). Accordingly, we find the issue of the admissibility of Watson's attempted rape conviction preserved. [Emphasis added.] [4]

More recently, we said in *United States Gypsum Co. v. Mayor of Baltimore,* 336 Md. 145, 174, 647 A.2d 405, 419 (1994),[5] that:

---

4. In *Watson,* 311 Md. at 371–72, 535 A.2d at 456–57, the defendant made a pretrial motion *in limine* to exclude evidence from being used for impeachment purposes should Mr. Watson take the stand. The motion was denied. At trial, after Mr. Watson testified in his own defense, the State informed the court that it intended to use part of that evidence on cross-examination to impeach the defendant's direct testimony. The trial court then reiterated its pretrial ruling. When, shortly thereafter, the State proffered the evidence, the defense made no objection. We noted that if the only ruling at issue were the pretrial ruling, Watson's pretrial motion would not have preserved the issue unless a contemporaneous objection was made at trial. *Id.* at 372–73 n. 1, 535 A.2d at 457 n. 1. Because the trial court had ruled again during the trial while the relevant witness was actually testifying, and shortly before the challenged evidence was admitted, we noted it "would be to exalt form over substance" to find the issue unpreserved. *Id. Watson* was limited to its specific circumstances, which are absent in the case *sub judice.*

5. As is obvious, *United States Gypsum* was a civil case. Maryland Rule 2–517 applies to civil cases in the circuit court and, as relevant to the issues here presented, contains the same provisions with respect to contemporaneous objections found in Maryland Rule 4–323.

Generally, where a party makes a motion *in limine* to exclude irrelevant or otherwise inadmissible evidence, and that evidence is subsequently admitted, "the party who made the motion ordinarily must object at the time the evidence is actually offered to preserve [its] objection for appellate review." *Prout v. State,* 311 Md. 348, 356, 535 A.2d 445, 449 (1988). *See Watson v. State,* 311 Md. 370, 372–373 n. 1, 535 A.2d 455, 457 n. 1 (1988); *Billman v. State Deposit,* 88 Md.App. 79, 114–16, 593 A.2d 684, 701–02, *cert. denied,* 325 Md. 94, 599 A.2d 447 (1991); *Beghtol v. Michael,* 80 Md.App. 387, 393, 564 A.2d 82, 85 (1989), *cert. denied,* 318 Md. 514, 569 A.2d 643 (1990); *McLain, Maryland Evidence, supra,* § 103.12, at 33. *See also Rainville v. State,* 328 Md. 398, 402–403, 614 A.2d 949, 951 (1992).

*See also Leet v. Totah,* 329 Md. 645, 666, 620 A.2d 1372, 1382 (1993); *Simmons v. State,* 313 Md. 33, 37, 542 A.2d 1258, 1260 (1988). In *Simmons,* a case in which we followed the *Prout* analysis as to motion *in limine* rulings excluding evidence, we reiterated the general applicable rule: "We agreed [in *Prout* ] that '[i]f the trial judge admits the questionable evidence, the party who made the motion ordinarily must object at the time the evidence is actually offered to preserve his objection for appellate review.' " *Simmons,* 313 Md. at 37, 542 A.2d at 1260 (second alteration in original) (quoting *Prout,* 311 Md. at 356, 535 A.2d at 449). The Court of Special Appeals has interpreted our holding in *Prout* in a similar manner. For instance, that court held in *Hickman v. State,* 76 Md.App. 111, 117, 543 A.2d 870, 873 (1988):

We glean the following propositions from *Prout.* Whether the motion *in limine* is made before trial or during trial, a court's ruling which has the effect of admitting contested evidence does not relieve the party, as to whom the ruling is adverse, of the obligation of objecting when the evidence is actually offered. Failure to object results in the nonpreservation of the issue for appellate review. On the other hand, when the effect of the ruling [on a motion *in limine* ] is to exclude the evidence, and the trial judge intends that ruling to "be the final word on the matter," a contemporane-

ous objection made at the time of the ruling ordinarily preserves the issue for appellate review. *See Simmons v. State,* 313 Md. 33, 37–38, 542 A.2d 1258, 1259–60 (1988). *See also Market Tavern, Inc. v. Bowen,* 92 Md.App. 622, 648, 610 A.2d 295, 308–09 (holding that the moving party, whose pretrial motion *in limine* to exclude evidence was denied and who failed to object to the admission of the evidence at trial, did not preserve the issue for appeal), *cert. denied,* 328 Md. 238, 614 A.2d 84 (1992); *Collier v. Eagle–Picher Indus.,* 86 Md.App. 38, 62, 585 A.2d 256, 268 ("A motion *in limine* to exclude evidence that is denied does not ordinarily eliminate the need to object when the offending evidence is offered."), *cert. denied,* 323 Md. 33, 591 A.2d 249 (1991); *Dyce v. State,* 85 Md.App. 193, 196, 582 A.2d 582, 584 (1990) ("Ordinarily, improper admission of evidence will not be preserved for appellate review unless the party asserting error objected at the time the evidence was offered or as soon thereafter as the grounds for the objection became apparent." (citing *Prout,* 311 Md. at 356–57, 535 A.2d at 449; Md. Rule 4–323(a))); *Turgut v. Levine,* 79 Md.App. 279, 284–87, 556 A.2d 720, 722–24 (1989) (involving, as in *Prout,* an order excluding evidence).

In sum, the rule from *Prout* as to rulings on motions *in limine* that result in the admission of evidence is that the contemporaneous objection rule ordinarily applies. When the evidence, the admissibility of which has been contested previously in a motion *in limine,* is offered at trial, a contemporaneous objection generally must be made pursuant to Maryland Rule 4–323(a) in order for that issue of admissibility to be preserved for the purpose of appeal. When motions *in limine* to exclude evidence are granted, normally no further objection is required to preserve the issue for appellate review.

### III. Resolution

Petitioner does not quarrel with the interpretations that the appellate courts of this state have ascribed to *Prout,* but takes the position that we should modify that rule to remove the requirement for a contemporaneous objection when a motion *in limine* to exclude evidence has been denied. In other

words, petitioner asks us to extend the holding of *Prout* to orders arising out of motions *in limine* that result in admission of evidence.

In his brief, petitioner offers a review of the focus and function of motions *in limine*, pointing out the previous, generally accepted position that such motions did not preserve issues for appellate review because they historically had not been considered final, at one time had been considered usurpations of judicial power, and have been considered of limited utility. Petitioner goes on to explain that a "substantial number of courts have held that an adverse ruling" on such a motion sufficiently preserves the issue, that the federal circuits are split on whether to "adhere to the contemporaneous objection requirement," and that a trend exists in the federal circuits to "soften" the rule. He then states, correctly, that this Court's position prior to *Prout* had been that a ruling on such a motion *in limine* "was never a final appealable order." After noting the limited change created by *Prout* as to certain orders excluding evidence arising out of motions *in limine*, petitioner argues that Maryland Rule 4–323(c) should apply equally to orders resulting in the admission of evidence.

The only way in which we could do as petitioner suggests is to ignore the language of subsections 4–323(a) and (c), their relationship to each other, our discussion and application of those subsections in *Prout*, and the logic utilized in that opinion to carve out an exception to the contemporaneous objection rule, which currently applies *only* to a trial court's orders of exclusion. As relevant to the present case, Rule 4–323(a) states specifically: "An objection to the admission of evidence shall be made at the time it is offered.... Otherwise, the objection is waived." Subsection (c) states in relevant part: *"Objections to other rulings or orders.* For purposes of review by the trial court or on appeal of any **other** ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court." (Bolding added.) By its very terms, subsection (a) applies to evidence proffered as

*admissible* at trial. Subsection (c) applies to objections to all *other* rulings or orders, including rulings or orders that exclude evidence.

We fully explained the different functions of these two subsections of Maryland Rule 4–323 in *Prout.* As indicated before, we noted in that case:

> Rule 4–322(a) provides that "[a]n objection to the *admission* of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise the objection is waived." As we see it, Rule 4–322(a) is inapplicable when a trial judge rules to exclude evidence. Moreover, subsection (c) of Rule 4–322 states that to preserve an objection to a "ruling or order" *other than one admitting evidence,* "it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court."

*Prout,* 311 Md. at 356–57, 535 A.2d at 449. We emphasized in *Prout* the different treatment of orders resulting in the admission of evidence and orders resulting in the exclusion of evidence. Orders resulting in the admission of evidence continue to be controlled by subsection (a); rulings resulting in the exclusion of evidence are considered under subsection (c). Petitioner suggests that because a trial court has the discretion to exclude evidence, all of its rulings, whether to admit or exclude, should be governed by subsection (c). This apparently would eliminate the need to object when evidence is admitted after denial of a motion *in limine* to exclude that evidence. In essence, petitioner proffers that the contemporaneous objection rule should in such cases be eliminated and replaced by motion *in limine* practice. To do otherwise, he states, is to make Maryland Rule 4–323 a "trap for the unwary."

Petitioner would make the proposed substitution, however, only in instances in which the ruling of the trial court on the motion *in limine* "was definitive." That caveat itself, in our view, would be a trap for the unwary. If the pretrial ruling is believed definitive, no objection might be made if the evidence

is thereafter proffered at trial. Later, if an appellate court does not interpret the pretrial ruling as definitive, it might hold the evidentiary issue has not been preserved because of the failure to make a contemporaneous objection.

Moreover, the present rule generally promotes consistency and judicial efficiency. Often, the motions judge and the trial judge are different.[6] Under the contemporaneous objection rule, the trial judge can assume when evidence is submitted and its admissibility is challenged, that the issue of admissibility is before her or him. In that situation, the arguments as to admissibility are before the judge presiding over the final phase of the trial on its merits, not before any one of a number of judges who may have considered various pretrial motions. That issue of admissibility will then be considered in the context of the prior trial proceedings and where those proceedings logically can lead. The issue of relevancy at the trial stage may well be affected by the prior witnesses and evidence previously admitted during the trial. The trial judge will often be in a better position than a motions judge to assess the admissibility of evidence because of trial events that have occurred since the motions judge made her or his ruling. Also, although the trial judge normally will be aware of the ruling on a pretrial motion, or at least have that ruling immediately available to her or him, the trial judge usually would not have immediately available the arguments made at the pretrial proceeding or the reasons expressed from the bench by the motions judge or judges explaining the ruling. Additionally, in some cases the attorneys at trial may not be the same attorneys who argued the pretrial motion. How would they know what degree of "definitiveness" resulted from the pretrial ruling? How do the trial attorneys know whether they should argue objections at the time the evidence is proffered at trial?

---

**6.** In the present case, one judge heard the initial pretrial motion. Prior to trial, the issue was presented again and the motion ruled on by a different judge who ultimately presided throughout the trial.

Under petitioner's theory, if the pretrial ruling denying a motion *in limine* to exclude evidence is "definitive," it is final. If final, what is the trial judge to do when the evidence is later offered? Evidence deemed relevant prior to trial may no longer be relevant at the time it is proffered at trial. If the motion *in limine* ruling was definitive, and thus a final ruling, does it remain admissible even though subsequent events at trial have established that it is not relevant? Can the party that prevailed at the pretrial proceeding object to later consideration on the ground that the pretrial ruling was definitive and thus final? If the trial judge makes a separate ruling, does she or he err? If the trial judge disagrees with the motions judge's definitive ruling and rules differently, which ruling is final for appellate purposes? And finally, does the issue of the "definitiveness" of what occurred at the motions hearing turn into a "mini-trial" within the trial on the merits? All of these contingencies render petitioner's proposal, in our view, a complicated concept at best. The contemporaneous objection rule, Maryland Rule 4–323(a), is simple, efficient, and fair in its operation. In other words, it works.

Petitioner points out several instances in which trial attorneys have not adhered to the contemporaneous objection rule and, according to petitioner, have been "waylaid on the road to appellate review by the requirements of the rule." Much the same could be said of the failure to adhere to many other rules. Moreover, our experience indicates that the provisions of the contemporaneous objection rule enjoy a wide dissemination among the members of the Bar. The transcripts in cases before this Court are, we suspect, replete with examples of attempts by attorneys to comply with this well-known requirement of Maryland trial practice. The rule is not a trap for the unwary. The unwary trap themselves.

Petitioner contends that in *Prout,* 311 Md. at 356, 535 A.2d at 449, we stated that a ruling that excludes evidence "controls the subsequent course of the trial." [7] Petitioner asserts that

---

**7.** That language in *Prout* was qualified by a requirement that the court make clear that its ruling was intended to be definitive.

an order denying exclusion can also control the subsequent course of the trial. We disagree. Much can happen in a trial prior to the offering of disputed evidence that can affect its admissibility. When the contemporaneous objection rule applies, the subsequent course of the trial as to admissibility issues generally will be controlled by the rulings of the trial judge, rulings generated by the events as they have unfolded during the trial. The trial judge is in a better position to make definitive rulings. Moreover, the trial rulings made at the time of trial admitting evidence are *per se* definitive—the evidence comes in.[8]

## IV. Conclusion

We decline the invitation to apply the holding of *Prout* to denials of motions *in limine* to exclude evidence. When a pretrial ruling results in the admission of evidence, the contemporaneous objection rule, Maryland Rule 4–323(a), shall continue to apply. Contemporaneous objections to the admission of evidence normally must be made when the evidence is offered at trial.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY PETITIONER.**

Dissenting Opinion by RAKER, J., in which ELDRIDGE, J., joins.

RAKER, Judge, dissenting.

I would reverse the judgment of the Court of Special Appeals. First, I would hold that under the facts of this case, the alleged error was preserved for appellate review. Second, I would eliminate the requirement of a contemporaneous

---

8. Rulings on motions to strike evidence, such as nonresponsive or objectionable answers to questions that were not clearly objectionable themselves, would be, in those circumstances, "definitive," *i.e.*, final rulings. Of course, trial judges retain the right to change rulings on evidence admissibility. In cases of such changes, the latter ruling is normally the final or "definitive" ruling.

objection to preserve for appellate review a trial court's denial of a motion *in limine.*

Although not specifically provided for in the Maryland Rules of Procedure, a motion *in limine* is widely used by practitioners in an effort to exclude prejudicial evidence from trial. The question which frequently arises is whether the motion *in limine* is sufficient to preserve any error for appeal when the motion is denied, or whether an objection was required when the evidence was introduced at trial. Within the framework of *Prout,* the Majority adheres to the contemporaneous objection rule, and holds that a pre-trial order denying a motion *in limine* is ordinarily insufficient to preserve for appeal the question of the admissibility of the evidence. I disagree. I would hold that a motion *in limine* is sufficient in and of itself to preserve an alleged error of a pretrial evidentiary ruling, regardless of whether the *in limine* ruling was to admit or to exclude the evidence, and without the requirement of a contemporaneous objection at trial. Accordingly, I dissent.

A motion *in limine* is ordinarily made at the beginning of a trial, or before a trial actually commences, with the purpose of excluding prejudicial matters from the knowledge of the jury. BLACK'S LAW DICTIONARY (6th ed.1990) defines *"in limine"* as "on or at the threshold; at the very beginning; preliminarily." Such motions are beneficial in that they reduce the need for bench conferences, eliminate the necessity for curative instructions to a jury to disregard inadmissible evidence, and generally minimize interruptions during trial. *See Palmerin v. City of Riverside,* 794 F.2d 1409, 1412–13 (9th Cir.1986). Most trial lawyers know that prejudicial information suggested to jurors is often difficult to cure, that objections to prejudicial material may only emphasize it, and that curative instructions may be at best minimally effective. *See* J. Ghent, Annot., *Modern Status of Rules as to Use of Motion In Limine or Similar Preliminary Motion to Secure Exclusion of Prejudicial Evidence or Reference to Prejudicial Matters,* 63 A.L.R.3d 311 (1975 & 1998 Supp.). The use of the motion *in limine* is an accepted procedure to avoid this dilemma.

There is a split of opinion around the country on the necessity for a contemporaneous objection to preserve error raised in a motion *in limine*. Generally, the First, Fifth, Eighth, and Eleventh Circuits adhere to the contemporaneous objection requirement. *See, e.g., Goulah v. Ford Motor Co.,* 118 F.3d 1478, 1483 (11th Cir.1997); *Marceaux v. Conoco, Inc.,* 124 F.3d 730, 734 (5th Cir.1997); *Keeper v. King,* 130 F.3d 1309, 1315 (8th Cir.1997); *United States v. Graves,* 5 F.3d 1546, 1551 (5th Cir.1993); *United States v. Reed,* 977 F.2d 14, 17 (1st Cir.1992). Many states also require contemporaneous objections. *See, e.g., State v. Hayes,* 350 N.C. 79, 511 S.E.2d 302 (1999); *Lin v. Houston Community College System,* 948 S.W.2d 328, 336 (Tex.App.1997); *Carter v. State,* 634 N.E.2d 830, 832–33 (Ind.Ct.App.1994); *Romanek–Golub & Co. v. Anvan Hotel Corp.,* 168 Ill.App.3d 1031, 119 Ill.Dec. 482, 522 N.E.2d 1341, 1347–48 (1988).

The Third, Fourth, Seventh, Ninth, Tenth and D.C. Circuits have abolished the requirement and have held that a denial of a motion *in limine* alone may be sufficient to preserve error. *See, e.g., United States v. Madoch,* 149 F.3d 596, 600 (7th Cir.1998); *Scott v. Ross,* 140 F.3d 1275, 1285 (9th Cir.1998), *reh'g denied,* 151 F.3d 1247, *cert. denied, Cult Awareness Network v. Scott,* —— U.S. ——, 119 S.Ct. 1285, —— L.Ed.2d ——; *Walden v. Georgia–Pacific Corp.,* 126 F.3d 506, 519 (3rd Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1516, 140 L.Ed.2d 669 (1998); *United States v. Williams,* 81 F.3d 1321, 1325 (4th Cir.1996), *vacated and remanded in part on other grounds,* 110 F.3d 62 (4th Cir.1997); *Pandit v. American Honda Motor Co., Inc.,* 82 F.3d 376, 380 (10th Cir.1996); *United States v. Mejia–Alarcon,* 995 F.2d 982, 986–88 (10th Cir.1993); *American Home Assur. v. Sunshine Supermarket,* 753 F.2d 321, 324–25 (3rd Cir.1985); *United States v. Williams,* 561 F.2d 859, 862–63 (D.C.Cir.1977). Many states also have eliminated the need for the contemporaneous objection in these circumstances. *See, e.g., State v. Weeks,* 270 Mont. 63, 891 P.2d 477, 490 (1995); *State v. Bradshaw,* 193 W.Va. 519, 457 S.E.2d 456, 475 (1995); *Dalrymple v. Fields,*

276 Ark. 185, 633 S.W.2d 362, 364 (1982); *State v. Miller,* 229 N.W.2d 762, 767–68 (Iowa 1975).

A workable rule that emerges from those cases that have relaxed or eliminated the contemporaneous objection requirement is that an objection to the denial of the motion *in limine* is alone sufficient to preserve the alleged error if the substance of the objection has been thoroughly explored at the hearing on the motion, the order denying the motion is explicit and definitive, the evidence offered at trial is substantially consistent with the evidence considered at the hearing on the motion, and there is no suggestion that the trial court would reconsider the matter at trial. *See Palmerin,* 794 F.2d at 1412–1413; *Bradshaw,* 457 S.E.2d at 475. This is the rule I would adopt for Maryland.

The Ninth Circuit in *Palmerin v. City of Riverside,* 794 F.2d 1409, 1413 (1986) rejected the bright-line approach of the Fifth and Eighth Circuits requiring a contemporaneous objection to the admissibility of evidence to preserve the matter for appeal. *Id.* at 1413. The court declined to adopt that approach because "it raises the danger that an unsuccessful motion *in limine* will serve as a trap for unwary counsel and bar an appeal of a meritorious issue on essentially technical grounds." *Id.* The court reasoned:

> To require invariably a contemporaneous objection after a rejected *in limine* motion would be tantamount to requiring formal exceptions. This would exalt the form of timely objection over the substance of whether a proper objection has been made and considered by the trial court.
>
> We, therefore, reject an invariable requirement that an objection that is the subject of an unsuccessful motion *in limine* be renewed at trial.

*Id.* at 1413.

In *United States v. Mejia–Alarcon,* 995 F.2d 982, 986–88 (10th Cir.1993), the Tenth Circuit rejected a *per se* rule that motions *in limine* may never preserve an objection for appellate review.[1] The court concluded that when counsel diligently

---

1. The *Mejia–Alarcon* court adopted a three-part test to determine whether it was necessary to renew the objection at trial. First, the

advances the contentions supporting a motion *in limine* and fully informs the trial judge of the issue in an evidentiary hearing, application of the rule requiring a contemporaneous objection at trial makes little sense and serves as a "trap for the unwary, who sensibly rely on a definitive, well-thought-out pretrial ruling." *Id.* at 986. The court observed that "requiring the renewal of objections after a definitive ruling may be a needless provocation to the trial judge, not to mention a distracting interruption during the trial." *Id.*

The *Prout* rule is the real trap for Maryland practitioners. The *Prout* rule permits preservation when the motion *in limine* is granted, but not so when the motion is denied. Contrary to the pronouncement of the Majority, the rule does not promote consistency and judicial efficiency. Indeed, the contrary is true. The *Prout* rule is subject to discretionary and sometimes arbitrary application, leading to inconsistent results. *See, e.g., Watson v. State,* 311 Md. 370, 535 A.2d 455 (1988); *Dyce v. State,* 85 Md.App. 193, 582 A.2d 582 (1990) (holding issue preserved notwithstanding the lack of literal compliance with Rule 4–323(a) because of the temporal proximity between the ruling on the motion *in limine* and the prosecutor's initial inquiry on cross-examination).

As this Court in *Watson v. State,* 311 Md. 370, 373 n. 1, 535 A.2d 455, 457 n. 1 (1988) pointed out in justifying review without a contemporaneous objection, "requiring Watson to make yet another objection only a short time after the court's ruling to admit the evidence would be to exalt form over substance. We have repeatedly stated that neither this Court nor Rule 4–322(d) requires formal exceptions to the admission of evidence." In *Watson,* the trial judge ruled prior to trial on the motion *in limine* to admit Watson's prior convictions. *Id.,* 535 A.2d at 457 n. 1. The trial judge reiterated his ruling immediately prior to the State's cross-examination of Watson

---

appellate court asks whether the matter was adequately presented to the trial court. Second, the appellate court determines whether the issue is of the type that can be finally decided pre-trial. Third, the appellate court decides whether the trial court's ruling was definitive. *United States v. Mejia–Alarcon,* 995 F.2d 982, 986–87 (10 [th] Cir.1993).

which elicited the alleged inadmissible evidence. *Id.,* 535 A.2d at 457 n. 1.

In the case *sub judice,* Reed objected pre-trial, and the trial judge reconsidered the evidence immediately prior to the commencement of the trial. Is this not form exalted over substance to require yet another objection? Clearly, the Maryland Rules have eliminated the need for formal exceptions to preserve objections. Md. Rule 4–323(d) *Formal exceptions unnecessary; see also Watson,* 311 Md. at 372–73 n. 1, 535 A.2d at 457 n. 1; *Covington v. State,* 282 Md. 540, 543, 386 A.2d 336, 337 (1978). Requiring a formal objection under the circumstances presented herein is akin to requiring a formal exception. *See Sunshine Supermarket,* 753 F.2d at 324–25 (observing that Federal Rule of Civil Procedure 46, which states that formal exceptions are unnecessary, could be construed to eliminate the contemporaneous objection rule).

In this case, the judge presiding at the trial held full argument on the motion *in limine.* The trial judge made a final, definitive ruling denying the motion. At trial, when the evidence was offered, defense counsel stated: "The objection has been litigated. We would ask to preserve that." An objection when the evidence was offered at trial would have been futile and have added nothing. As the Supreme Court of Oregon observed:

> In the case at bar, defense counsel did not have to walk barefoot through any more legal coals to protect his client's record. He made a sufficient offer of proof of what would happen in the trial to permit the court to rule intelligently on the propriety of the offered evidence, he asked for a final ruling and, although the trial judge was not obligated to do so, the judge gave a final ruling. There was no need for any further procedure to preserve the assignment of error.

*State v. Foster,* 296 Or. 174, 674 P.2d 587, 592 (1983) (in banc).

Accordingly, I would reverse the judgment of the Court of Special Appeals and remand the case to that court for a consideration of the issue on the merits.

Judge ELDRIDGE has authorized me to state that he joins in the views expressed herein.